# EXHIBIT A

McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
Nov 19, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARTURO PACHECO, <br><br> Defendant. | CASE NO. 2:20-cr-0221 JAM <br><br> 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law (2 counts); 18 U.S.C. § 1519 – Falsification of Records in Federal Investigation (2 counts) |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 242 – Deprivation of Rights Under Color of Law]

The Grand Jury charges: T H A T

ARTURO PACHECO,

Defendant herein, as follows:

I. INTRODUCTION

At all times relevant to this Indictment:

1. The California Department of Corrections and Rehabilitation ("CDCR") was a law enforcement agency and a department of the State of California responsible for managing the State of California's prison system.

2. CDCR employed correctional officers to, among other responsibilities, maintain order, enforce the law, and provide security within the California prison system. Under California law, CDCR

INDICTMENT

1

correctional officers were sworn California peace officers.

3. California State Prison, Sacramento ("CSP-Sacramento") was a California state prison located in Sacramento County in the Eastern District of California. CDCR correctional officers were responsible for maintaining order, enforcing the law, and providing security within CSP-Sacramento.

4. CSP-Sacramento was comprised of a minimum support facility and three other alphabetically identified facilities, each containing eight numerically identified inmate housing buildings. This included Facility A, Block 6 ("Building A6") and Facility A, Block 7 ("Building A7").

5. Defendant ARTURO PACHECO was a CDCR correctional officer and California peace officer who was assigned to work in Building A7.

6. Ashley Marie Aurich, charged elsewhere, was a CDCR correctional officer and California peace officer who was assigned to work in Building A7. On or about September 15, 2016, Aurich was working as PACHECO's partner, performing her correctional officer duties along with PACHECO.

7. Correctional Officer 2 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 2 was assigned to work in Building A6.

8. Correctional Officer 3 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 3 was assigned to work in Building A5.

9. Correctional Officer 4 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 4 was assigned to work in Building A8.

10. Victim 1 was an inmate at CSP-Sacramento. He resided in Building A7. Victim 1 was 54 years old.

11. Victim 2 was an inmate at CSP-Sacramento. He resided in Building A6. Victim 2 was 65 years old.

II. USE OF FORCE ON VICTIM 1

12. On or about May 19, 2016, PACHECO was on duty at CSP-Sacramento and performing

1 | his correctional officer duties in Building A7.

2 | 13. A correctional officer ordered Victim 1 to return to his cell in Building A7. Victim 1 complied with that order and returned to his cell.

4 | 14. PACHECO subsequently went to Victim 1's cell. Victim 1 was standing in the cell with his back facing PACHECO. PACHECO gave Victim 1 the following series of orders:

    a. PACHECO ordered Victim 1 to turn around and face PACHECO. Victim 1 complied with PACHECO's order and turned around to face PACHECO.

    b. PACHECO ordered Victim 1 to walk toward PACHECO. Victim 1 complied with PACHECO's order and walked closer to PACHECO.

    c. PACHECO ordered Victim 1 to open his eyes as Victim 1 got closer to PACHECO. Victim 1 complied and opened his eyes.

15. After Victim 1 had complied with PACHECO's orders, PACHECO used his CDCR-issued pepper spray to spray Victim 1 in the face for several seconds. The pepper spray caused Victim 1 to experience an extreme burning sensation, physical pain, and temporary blindness.

### III. DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

16. On or about May 19, 2016, PACHECO, then a sworn law enforcement officer and correctional officer employed by CDCR, while acting under color of law, willfully deprived Victim 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment by someone acting under color of law. Specifically, PACHECO sprayed Victim 1 with pepper spray, while Victim 1 was compliant and posing no threat, and such acts resulted in bodily injury to Victim 1, in violation of Title 18, United States Code, Section 242.

COUNT TWO: [18 U.S.C. § 242 – Deprivation of Rights Under Color of Law]

The Grand Jury further charges: T H A T

ARTURO PACHECO,

Defendant herein, as follows:

17. The allegations in paragraphs 1 through 9, and 11 are incorporated herein.

### I. USE OF FORCE ON VICTIM 2

18. On or about September 15, 2016, PACHECO and Aurich went to Victim 2's cell in

Building A6 in order to escort Victim 2 to his new cell in Building A7.

19. PACHECO, Aurich, and Correctional Officer 2 escorted Victim 2 from Building A6 to Building A7. During the trip from Building A6 to Building A7, PACHECO walked behind and to the left of Victim 2, while holding Victim 2's left arm. Aurich was positioned behind and to the right of Victim 2. Correctional Officer 2 walked behind PACHECO, Aurich, and Victim 2. During the trip from Building A6 to Building A7, Victim 2's hands were handcuffed behind his back.

20. PACHECO, Aurich, Correctional Officer 2, and Victim 2 entered Building A7 through the building's rotunda area. While in the rotunda, Victim 2 stopped walking. In response, PACHECO assaulted Victim 2 by performing the following acts:

   a. PACHECO released his grip on Victim 2's left arm.

   b. PACHECO wrapped his arms around Victim 2's legs.

   c. PACHECO pulled Victim 2's legs backwards, in the direction of PACHECO.

21. PACHECO's actions caused Victim 2 to immediately fall forward violently with his head and upper torso striking the concrete floor while his hands were handcuffed behind him.

22. Victim 2 was subsequently transported to a hospital. He died two days later.

II. DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

23. On or about September 15, 2016, PACHECO, then a sworn law enforcement officer and correctional officer employed by CDCR, while acting under color of law, willfully deprived Victim 2 of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment by someone acting under color of law. Specifically, PACHECO assaulted Victim 2 by causing Victim 2 to strike his head and upper torso on a concrete floor while Victim 2 was handcuffed, which resulted in bodily injury to Victim 2, in violation of Title 18, United States Code, Section 242.

COUNT THREE: [18 U.S.C. § 1519 – Falsification of Records in Federal Investigation]

The Grand Jury further charges: T H A T

ARTURO PACHECO,

Defendant herein, as follows:

24. The allegations in paragraphs 1 through 5, and 10 are incorporated herein.

INDICTMENT 4

25. On or about May 19, 2016, in the County of Sacramento, State and Eastern District of California, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice and Federal Bureau of Investigation, an agency of the United States, to wit, the investigation of the assault of Victim 1, did knowingly falsify and make a false entry in a record and document, to wit a California Department of Corrections and Rehabilitation Crime/Incident Report, form CDCR 837-C (Rev. 10/15), which included false information and representations as set forth more fully below, among others:

    a. PACHECO knowingly and falsely stated, "In order to stop [Victim 1] from self-harming himself and causing serious bodily injury or death to himself, I used immediate force, utilizing an approximate 3 second burst from my MK-9 OC pepper spray." In truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that Victim 1 had not attempted to harm himself. And, in truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that PACHECO did not use "immediate force" on Victim 1; and

    b. PACHECO knowingly and falsely stated, "I ordered [Victim 1] to drop the glass, turn around and submit to handcuffs." In truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that Victim 1 had not been holding glass at the time. And, in truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that PACHECO did not order Victim 1 to submit to handcuffs before spraying him with pepper spray.

In violation of Title 18, United States Code, Section 1519.

COUNT FOUR: [18 U.S.C. § 1519 – Falsification of Records in Federal Investigation]

    The Grand Jury further charges: T H A T

                    ARTURO PACHECO,

Defendant herein, as follows:

26. The allegations in paragraphs 1 through 9, and 11 are incorporated herein.

27. On or about September 15, 2016, in the County of Sacramento, State and Eastern District of California, with the intent to impede, obstruct, and influence the investigation and proper

INDICTMENT                5

1 administration of a matter within the jurisdiction of the United States Department of Justice and Federal
2 Bureau of Investigation, an agency of the United States, to wit, the investigation of the assault of Victim
3 2, did knowingly falsify and make a false entry in a record and document, to wit a California
4 Department of Corrections and Rehabilitation Crime/Incident Report, form CDCR 837-C (Rev. 10/15),
5 which included false information and representations as set forth more fully below, among others:

  a. PACHECO knowingly and falsely stated that the only witnesses were Aurich, Correctional Officer 3, and Correctional Officer 4, intentionally concealing the presence of Correctional Officer 2. In truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that Correctional Officer 2 was present for and witnessed the assault on Victim 2;

  b. PACHECO knowingly and falsely stated "Once we arrived to FA7 rotunda area, [Victim 2] stopped walking, spun to his left, and lunged forward breaking free of my escort." In truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that Victim 2 had not spun to his left and lunged forward breaking free of PACHECO's escort;

  c. PACHECO knowingly and falsely stated "[A]s [Victim 2] turned to his left breaking my grasp and began to lunge forward, I placed my left hand on [Victim 2's] left shoulder and I placed my right hand on [Victim 2's] left triceps, and used [Victim 2's] forward momentum and my body weight to force [Victim 2] to the ground." In truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that Victim 2 had not turned to his left breaking PACHECO's grasp or lunged forward. And, in truth and in fact, PACHECO falsified and made the foregoing false entry in a record knowing that he did not place his left hand on Victim 2's left shoulder and place his right hand on Victim 2's left triceps, and use Victim 2's forward momentum and PACHECO's body weight to force Victim 2 to the ground; and

  d. PACHECO knowingly and falsely stated "[Victim 2] landed on his stomach in a prone position." In truth and in fact, PACHECO falsified and made the foregoing

INDICTMENT 6

false entry in a record knowing that Victim 2's head and upper torso struck the concrete floor.

In violation of Title 18, United States Code, Section 1519.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

_____
McGREGOR W. SCOTT
United States Attorney

INDICTMENT

7

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## ARTURO PACHECO

### INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law (2 Counts);
18 U.S.C. § 1519 – Falsification of Records in Federal Investigation (2 Counts)

*A true bill,*

/s/ Signature on file w/AUSA

_____
*Foreman.*

Filed in open court this _____ 19th _ day

of __ November _____, A.D. 20 20 ___

_____ /s/ Judy Streeter _____
*Clerk.*

Bail, $ _No bail bench warrant to issue._

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

GPO 863 525

2:20-cr-0221 JAM

## United States v. Arturo Pacheco
## Penalties for Indictment

**Defendant**
**ARTURO PACHECO**

### COUNTS 1 and 2: ARTURO PACHECO

VIOLATION: 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law

PENALTIES: Maximum of 10 years prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNTS 3 and 4: ARTURO PACHECO

VIOLATION: 18 U.S.C. § 1519 – Falsification of Records in Federal Investigation

PENALTIES: Maximum of 20 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 5 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>ASHLEY MARIE AURICH, <br><br>　　　　　　Defendant. | CASE NO. 2:20-cr-0219 WBS <br><br> 18 U.S.C. § 1519 – Falsification of Records in Federal Investigation |

I N F O R M A T I O N

The United States Attorney charges: T H A T

ASHLEY MARIE AURICH,

Defendant herein, as follows:

I.　　INTRODUCTION

At all times relevant to this Information:

1.　　The California Department of Corrections and Rehabilitation ("CDCR") was a law enforcement agency and a department of the State of California responsible for managing the State of California's prison system.

2.　　CDCR employed correctional officers to, among other responsibilities, maintain order, enforce the law, and provide security within the California prison system. Under California law, CDCR correctional officers were sworn California peace officers.

INFORMATION　　　　　　　　　　　　　　1

3. California State Prison, Sacramento ("CSP-Sacramento") was one of the California state prisons located in Sacramento County. CDCR correctional officers, who were sworn California peace officers under California law, were responsible for maintaining order and providing security within CSP-Sacramento.

4. CSP-Sacramento was comprised of a minimum support facility and three other alphabetically identified facilities, each containing eight numerically identified inmate housing buildings. This included Facility A, Block 6 ("Building A6") and Facility A, Block 7 ("Building A7").

5. Defendant ASHLEY AURICH was a CDCR correctional officer and California peace officer who was assigned to work in Building A7.

6. Correctional Officer 1 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 1 was working as AURICH's partner, performing his correctional officer duties along with AURICH.

7. Correctional Officer 2 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 2 was assigned to work in Building A6.

8. Correctional Officer 3 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 3 was assigned to work in Building A5.

9. Correctional Officer 4 was a CDCR correctional officer and California peace officer at CSP-Sacramento. On or about September 15, 2016, Correctional Officer 4 was assigned to work in Building A8.

10. Victim 1 was an inmate at CSP-Sacramento. He resided in Building A6. Victim 1 was 65 years old.

II. USE OF FORCE ON VICTIM 1

11. On or about September 15, 2016, AURICH and Correctional Officer 1 went to Victim 1's cell in Building A6 in order to escort Victim 1 to his new cell in Building A7.

12. AURICH, Correctional Officer 1, and Correctional Officer 2 escorted Victim 1 from Building A6 to Building A7. During the trip from Building A6 to Building A7, Correctional Officer 1

INFORMATION 2

walked behind and to the left of Victim 1, while holding Victim 1's left arm. AURICH was positioned behind and to the right of Victim 1. Correctional Officer 2 walked behind Aurich, Correctional Officer 1, and Victim 2. During the trip from Building A6 to Building A7, Victim 1's hands were handcuffed behind his back.

13. AURICH, Correctional Officer 1, Correctional Officer 2, and Victim 1 entered Building A7 through the building's rotunda area. While in the rotunda, Victim 1 stopped walking. In response, Correctional Officer 1 assaulted Victim 1 by performing the following acts:

    a. Correctional Officer 1 released his grip on Victim 1's left arm.

    b. Correctional Officer 1 wrapped his arms around Victim 1's legs.

    c. Correctional Officer 1 pulled Victim 1's legs backwards, in the direction of Correctional Officer 1.

14. Correctional Officer 1's actions caused Victim 1 to immediately lose his balance and fall forward violently with his head and upper torso striking the concrete floor while his hands were handcuffed behind him.

15. Victim 1 was subsequently transported to the hospital where he died two days later.

### III. FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATION

16. On or about September 15, 2016, in the County of Sacramento, State and Eastern District of California, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice, to wit, the investigation of the assault of Victim 1, AURICH did knowingly falsify and make a false entry in a record and document, to wit a California Department of Corrections and Rehabilitation Crime/Incident Report, form CDCR 837-C (Rev. 10/15), which included false information and representations as set forth more fully below, among others:

    a. AURICH knowingly and falsely stated that the only witnesses to the assault on Victim 1 were Correctional 1, Correctional Officer 3, and Correctional Officer 4, intentionally concealing the presence of Correctional Officer 2. In truth and in fact, AURICH falsified and made the foregoing false entry in a record knowing that Correctional Officer 2 was present for and witnessed the assault on Victim 1;

INFORMATION      3

      b. AURICH knowingly and falsely stated "Upon arrival to the FA7 rotunda area [Victim 1] stopped moving forward, spun to his left and lunged forward, breaking [Correctional Officer 1's] escort hold." In truth and in fact, AURICH falsified and made the foregoing false entry in a record knowing that Victim 1 had not spun to his left and lunged forward breaking free of Correctional Officer 1's escort hold;

      c. AURICH knowingly and falsely stated "[Correctional Officer 1] used immediate force to overcome resistance and effect custody of [Victim 1] by using [Victim 1's] forward momentum and [Correctional Officer 1's] body weight to force him to the ground." In truth and in fact, AURICH falsified and made the foregoing false entry in a record knowing that Correctional Officer 1 had not "used immediate force . . . to effect custody of [Victim 1]. And, in truth and in fact, AURICH falsified and made the foregoing false entry in a record knowing that Correctional Officer 1 did not use [Victim 1's] forward momentum and [Correctional Officer 1's] body weight to force [Victim 1] to the ground."; and

      d. AURICH knowingly and falsely stated "I observed [Victim 1] land on his stomach face down." In truth and in fact, AURICH falsified and made the foregoing false entry in a record knowing that Victim 1's head and upper torso struck the concrete floor.

All in violation of Title 18, United States Code, Section 1519.

Dated: November 18, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
Assistant United States Attorney

INFORMATION      4

# United States v. Ashley Marie Aurich
**Penalties for Information**

**Defendant**
**ASHLEY MARIE AURICH**

**COUNT 1:**     **ASHLEY MARIE AURICH**

VIOLATION:      18 U.S.C. § 1519 – Falsification of Records in Federal Investigation

PENALTIES:      Maximum of 20 years in prison; or
                Fine of up to $250,000; or both fine and imprisonment
                Supervised release of up to 5 years

SPECIAL ASSESSMENT: $100 (mandatory)