UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

United States of America,

               Plaintiff,

    v.

Ronald Yandell, et al.,

               Defendants.

No. 2:19-cr-00107-KJM

ORDER

Defendant Brant Daniel, who is detained pending trial, moves for reconsideration of the court's order denying his previous motion for an order transferring him to another facility. *See generally* Mot., ECF No. 915. The motion is fully briefed, and the court submitted the matter following the status conference in this case on January 5, 2022. *See* Opp'n, ECF No. 936; Reply, ECF No. 948; Hr'g Mins., ECF No. 988. For the reasons below, the motion is **denied**.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has "approved of the judicial economy" achieved in entertaining motions for reconsideration in appropriate circumstances. *United States v. Rabb*, 752 F.2d 1320, 1322 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987). Reconsideration of a nonfinal order in a criminal case is a power within the court's "inherent jurisdiction." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "No precise 'rule' governs the district court's inherent power to grant or deny a motion to

1

1    reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803,

2    811 (9th Cir. 2013).  It is instead a matter of discretion.  *Id.*

3         District courts ordinarily deny motions for reconsideration if they rest on arguments or

4    evidence the moving party previously raised or could have raised, provided a denial would not

5    cause manifest injustice.  *See, e.g.*, *United States v. Davis*, No. 98- 00114, 2021 WL 1122574, at

6    *2 (E.D. Cal. Mar. 24, 2021) (citing *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty.*

7    *v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009)).  This district's local rules also

8    impose requirements on parties who request reconsideration in criminal cases.  *See* E.D. Cal. L.R.

9    430.1(i).  Among other things, a motion for reconsideration must identify what "new or different

10   facts or circumstances" support the motion "or what other grounds" might warrant

11   reconsideration.  *Id.* 430.1(i)(3).

12        Mr. Daniel requests reconsideration on two grounds.  First, he argues the court

13   misapprehended the arguments and evidence submitted with his previous motion.  *See, e.g.*, Mot.

14   at 1, 6–7.  Having considered this argument, the court finds no error in its previous order.

15   Mr. Daniel has not shown a transfer would be an appropriate remedy for the wrongs he alleges.

16   He has not cited a case in which a district court has transferred a defendant to a different pretrial

17   detention facility in an effort to preserve that defendant's constitutional trial rights.  He has not

18   shown that alleged threats from correctional officers have deterred him from entering any plea if

19   he chooses, from consulting with his attorneys, from filing motions, or from seeking and

20   obtaining discovery.  He has not proven that the challenged restrictions lack a "legitimate

21   governmental purpose," *Bell v. Wolfish*, 441 U.S. 520, 538 (1979), or have no reasonable

22   relationship "to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987).  He

23   has not shown that rogue correctional officers in the prison's mail room are retaliating against

24   him by intentionally opening his legal mail, but rather only that his mail has sometimes been

25   opened.

26        Second, Mr. Daniel offers new evidence.  He cites a November 2021 response to an

27   "Inmate Request for Interview" form by a correctional officer who agreed that a letter from

28   Mr. Daniel's counsel was opened before it was delivered to Daniel.  *See* Mot. Ex. A, ECF

1   No. 925-1.  He also cites three similar responses by correctional officers who agree they can

2   overhear Mr. Daniel speaking with his attorneys from a neighboring office.  *See* Mot. Exs. C–E,

3   ECF No. 974.  This evidence does not show Mr. Daniel is entitled to a transfer to another facility.

4   It shows neither that correctional officers have intentionally opened and read Mr. Daniel's legal

5   mail nor that the prison's actions lack a legitimate purpose under *Bell* and *Safley*.

6        The prison also recently granted Mr. Daniel's request for compensation for a confiscated

7   medallion.  *See* Mot. Ex. B, ECF No. 925-1.  As the government persuasively argues, the

8   relevance of this evidence is questionable at best; if anything, it suggests the prison has

9   considered Mr. Daniel's complaints and requests in good faith, not that a transfer is warranted.

10  *See* Opp'n at 8 n.3.

11        Although the court denies the motion to reconsider, some of the evidence Mr. Daniel cites

12  in support of that motion might support a motion for another form of relief based on this court's

13  July 8, 2020 Order.  *See* Order, ECF No. 510 ("Defendants must be allowed to make phone calls

14  to their attorneys in a way that prevents third parties from overhearing them.").  This court

15  recently referred a very similar question to a Magistrate Judge for an evidentiary hearing.  *See*

16  Order (Dec. 22, 2021), ECF No. 963.  In the interests of fairly and efficiently resolving

17  Mr. Daniel's claim that his calls with his attorneys are not confidential, the court orders as

18  follows:

19        (1) The motion for reconsideration (ECF No. 915) is **denied**.

20        (2) Mr. Daniel **may present evidence** at the hearing before the Magistrate Judge, as

21  described in this court's December 22, 2021 order (ECF No. 963), in support of his allegation that

22  he cannot communicate confidentially with his attorneys by phone.

23        (3) Mr. Daniel **may file a new motion** based on any record created in the above hearing

24  before the Magistrate Judge.  The same schedule this court previously set will apply to the

25  briefing and hearing on any such motion.  *See* Order, ECF No. 963; Hr'g Mins., ECF No. 988.

26        IT IS SO ORDERED.

27   DATED:  January 11, 2022.

CHIEF UNITED STATES DISTRICT JUDGE