UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

United States of America,

Plaintiff,

v.

Brant Daniel,

Defendant.

No. 2:19-cr-00107-KJM

ORDER

Defendant Brant Daniel moves to compel the production of evidence by the government. ECF No. 1231. The government opposes, ECF No. 1252, and Daniel has replied, ECF No. 1257. The court heard arguments on August 31, 2022. John Balazs and Tim Warriner appeared for Daniel. David Spencer and Ross Pearson appeared for the United States. As explained in this order, the motion is **granted in part**.

## I. BACKGROUND

The court has reviewed the background of this action in detail in a previous order. *See generally* Prev. Order, ECF No. 824. In short, the government alleges Daniel is a member of the Aryan Brotherhood and participated in a murderous racketeering conspiracy within the state prison system. *See id.* at 1–2. The government has informed him and his counsel it is considering whether to seek authorization from the United States Attorney General to pursue capital charges. *See* Mot. at 5. Daniel previously sought and the court issued an order directing

the government to produce discovery under Rule 16. *See* Prev. Order at 15–16. The focus of these requests was a makeshift knife discovered in Daniel's cell and his resulting confinement in a different unit. *See id.* at 2–4. Daniel claimed both that the knife was not his—saying the officers planted it—and that if it was indeed his knife, he had kept it only in self-defense. *See id.* at 2. The court permitted him to seek discovery about the discovery of the knife and his transfer under Rule 16 because discovery could help him "show he poses no danger to others and respond to arguments that he has a history of infractions or offenses." *Id.* at 13.

Daniel has moved again for discovery related to these events. *See* Mot. at 8. After the court issued its prior order, Daniel was found "not guilty" of violating any rules related to the knife allegedly found in his cell, through a prison administrative process. *See* Reply Ex. D at 6, 8, ECF No. 1257-1. Despite that finding, the government has not excluded the possibility it will rely on the alleged knife discovery when deciding whether to seek capital charges. Daniel's counsel has also learned more about a now-deceased whistleblower's claims of corruption within the California prison system, and they request evidence about that whistleblower's claims, citing *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16(a)(1)(E)(i). The court begins with Rule 16.

## II. RULE 16

A defendant who requests discovery under Rule 16(a)(1)(E)(i) must first "present facts 'which would tend to show' the government is in possession of the requested information." Prev. Order at 12 (quoting *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." *Id*. (alteration omitted) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). Second, the defendant must show the request is "helpful to the defense" or "relevant to the development of a possible defense." *Id.* (quoting *Mandell*, 924 F.2d at 1219). "Even inculpatory evidence might be 'material' under this standard." *Id.* (citing *Muniz-Jacquez*, 718 F.3d at 1183).

Daniel requests six categories of documents. The court considers each in turn.

**A. Request (1)(a)**

> Any and all memoranda, reports, emails, correspondence, or other documents by now deceased, former CDCR whistleblower Kevin Steele to the CDCR Director, CDCR Secretary, the CSP-Sacramento Warden, the Sacramento County District Attorney's Office, the FBI, the U.S. Attorney's Office, or other investigating official or agency regarding . . . the incidents alleged in the Oct. 2020 RVR [i.e., the "Rules Violation Report" about the knife in Daniel's cell].

Mot. at 8.

In the unusual circumstances of this case, the court assumes the government effectively "possesses" some information that is in control of state prison officials. *See* Prev. Order at 14; Mins. (Jan. 5, 2022), ECF No. 988; Opp'n by Cal. Dep't Corr. & Rehab., ECF No. 962. The United States does not argue otherwise. Daniel thus has satisfied the first part of the Rule 16 test. He also has shown this request satisfies the "materiality" test in part: It seeks evidence that could support or refute his claims that officers planted the knife. The government contends this request is immaterial because the whistleblower cannot have had any first-hand information about the knife's discovery. *See* Opp'n at 6. Even without first-hand knowledge of the knife's discovery, however, the whistleblower's reports would be material if he had information about the knife and the officers' actions. The request meets the materiality requirement.

The government also argues Rule 16(a)(2) relieves it of any obligation to make disclosures in response to this request. *See* Opp'n at 5. Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Daniel argues in his reply that the whistleblower was not investigating charges against him, and he argues he is not seeking materials created "in connection with investigating or prosecuting the case" against him. Reply at 6 (emphasis omitted). As confirmed at hearing, Daniel does not seek materials created by anyone other than Steele, nor any materials created in connection with the investigation into the events and charges in the indictment and criminal complaint filed in this action. With that

/////

limitation, Rule 16(a)(2) is no bar to Daniel's first request. Request (1)(a) is granted in part, as modified and set out at the conclusion of this order.

**B. Request (1)(b)**

> Any and all memoranda, reports, emails, correspondence, or other documents by now deceased, former CDCR whistleblower Kevin Steele to the CDCR Director, CDCR Secretary, the CSP-Sacramento Warden, the Sacramento County District Attorney's Office, the FBI, the U.S. Attorney's Office, or other investigating official or agency regarding . . . CSP-Sacramento corrections officers planting weapons on inmates or in their cells in the Short-Term Restricted Housing (STRH) Unit during the period Daniel has been detained there after the indictment in this case (June 2019 to the present), including but not limited to the weapon allegedly found in Daniel's cell;

Mot. at 8. This request is like the first, but it adds other weapons and other inmates. The court rejected a similar request in its previous order. *See* Prev. Order at 15 (rejecting request for information about officers planting drugs and weapons in other inmates' cells). Daniel has not provided any new information to show this request is material or that the requested materials are in the government's possession. Request (1)(b) is denied.

**C. Request (1)(c)**

> Any and all memoranda, reports, emails, correspondence, or other documents by now deceased, former CDCR whistleblower Kevin Steele to the CDCR Director, CDCR Secretary, the CSP-Sacramento Warden, the Sacramento County District Attorney's Office, the FBI, the U.S. Attorney's Office, or other investigating official or agency regarding . . . CSP-Sacramento officers in the STRH unit falsifying documents and evidence or committing other serious acts of misconduct during the post-indictment period Daniel has been detained there . . . .

Mot. at 8. This request goes much farther than Daniel's claim that officers planted a weapon in his cell. It reaches many other types of "misconduct." The court denied similarly broad requests in its previous order. *See* Prev. Order at 13–14 ("Information about threats to other inmates would do very little, if anything, to show whether Daniel is a threat or whether he has a history of infractions, and information about threats to anyone anywhere would be even less useful."); *id.* at 15 ("The other requests listed in Daniel's motion fall much further afield. They concern different

inmates, different officers, and different crimes by people without connections to the conspiracy alleged here."). Daniel has not shown this request is material or that the requested materials are in the government's possession. Request (1)(c) is denied.

**D. Request (1)(d)**

> Any and all memoranda, reports, emails, correspondence, or other documents by now deceased, former CDCR whistleblower Kevin Steele to the CDCR Director, CDCR Secretary, the CSP-Sacramento Warden, the Sacramento County District Attorney's Office, the FBI, the U.S. Attorney's Office, or other investigating official or agency regarding . . . CSP-Sacramento officers twice seizing weapons from another inmate in Daniel's unit shortly before the Oct. 2020 RVR incident but failing either to write a report or submit a disciplinary charge against the inmate. . . .

Mot. at 8. Daniel argues this request "is relevant to show how CDCR officers had weapons available to potentially plant in other inmates' cells, including Daniel's cell." *Id.* Without any specific limits, the request would sweep far beyond that theory. The court rejected a similar request in its previous order. *See* Prev. Order at 15 (rejecting request for information about officers planting drugs and weapons in other inmates' cells). Here, with Daniel's narrowed request, the court grants a limited version of the request confining it to the thirty day period before the October 2020 incident, as specified below.

**E. Request (2)**

> Any and all written reports, statements, or documents by officer Ramirez or officer Lee regarding the search of Daniel's cell and/or the incidents alleged in the Oct. 2020 RVR.

Mot. at 8. The government states in its opposition that it has already produced all of the materials requested here. Opp'n at 8. It also states, however, that it is "willing to request CDCR to examine and/or produce" the requested materials, "if appropriate, and if CDCR counsel or the California Attorney General's Office does not object." *Id.* at 8 n.3. Request (2) is granted to that limited extent, as set out in the conclusion of this order.

/////

**F. Request (3)**

> Any and all information, reports, statements, correspondence, or other documents in the government's possession (including CDCR) that tends to cast doubt on the allegations against Daniel in the Oct. 2020 RVR.

Mot. at 8. A defendant may not obtain discovery under Rule 16(a)(1)(E)(i) by offering a "general description of the information sought," such as in this request. *Mandel*, 924 F.2d at 1219. The court denied similarly broad requests in its previous order. *See* Prev. Order at 15. Request (3) is denied as written. As discussed at the hearing on this motion, however, Daniel points to an exhibit to his reply brief that references three specific reports: a "Supplemental Report" and two "IE Reports." *See* Reply Ex. D at 1–2. If this Request (3) is limited to these reports, it meets the Rule 16 standard. The court thus grants Request (3) to this limited extent, as set out in the conclusion of this order.

## III. *BRADY* MATERIALS

The court concluded in its previous order "that *Brady* does not require the government to disclose evidence in time for a pre-authorization presentation by the defense." Prev. Order at 7. The court also decided that "it may sometimes be prudent to order 'accelerated discovery' of information required by *Brady* so that the defense can review that information before a pre-authorization presentation." *Id.* (citing *United States v. Ortiz*, No. 12-0119, 2012 WL 5379512, at *4 (N.D. Cal. Oct. 31, 2012)). Given the court's decision to grant Daniel's request in part, however, and given the large volume of discovery already produced in this case, as well as counsel's clarification at hearing that Daniel's invocation of *Brady* is intended to bolster his other particularized requests, the court declines to order any accelerated discovery of *Brady* materials at this time.

/////

/////

/////

/////

## IV. CONCLUSION

**The motion for discovery is granted in part** under Federal Rule of Criminal Procedure 16(a)(1)(E)(i). The government must respond to the following requests for discovery:

(1)(a) Any and all memoranda, reports, emails, correspondence, or other documents by now-deceased former CDCR whistleblower Kevin Steele to the CDCR Director, CDCR Secretary, the CSP-Sacramento Warden, the Sacramento County District Attorney's Office, the FBI, the U.S. Attorney's Office, or other investigating official or agency regarding the incidents alleged in the October 2020 RVR. This request does not seek materials created by anyone other than Steele, nor any materials created in connection with the investigation into the events and charges in the indictment and criminal complaint filed in this action.

(1)(d) Any and all memoranda, reports, emails, correspondence, or other documents by now-deceased former CDCR whistleblower Kevin Steele to the CDCR Director, CDCR Secretary, the CSP-Sacramento Warden, the Sacramento County District Attorney's Office, the FBI, the U.S. Attorney's Office, or other investigating official or agency regarding CSP-Sacramento officers' twice seizing weapons from another inmate in Daniel's unit in the thirty days before the October 2020 RVR incident but failing either to write a report or submit a disciplinary charge against the inmate. This request does not seek materials created by anyone other than Steele, nor any materials created in connection with the investigation into the events and charges in the indictment and criminal complaint filed in this action.

(2) The government is directed to request that CDCR examine and produce any and all written reports, statements, or documents by Officer Ramirez or Officer Lee regarding the search of Daniel's cell and the incidents alleged in the October 2020 RVR.

(3) The government is directed to request that CDCR examine and produce the "Supplemental Report" and two "IE Reports" cited in Ex. D to Daniel's Reply on pages 1–2.

Any objections by CDCR's counsel or the California Attorney General's Office to requests (2) and (3), as modified above, shall be filed on the docket of this action **within fourteen days**.

This order resolves ECF No. 1231.

IT IS SO ORDERED.

DATED: September 8, 2022.

CHIEF UNITED STATES DISTRICT JUDGE