1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   JULIE A. MALONE, State Bar No. 209744
    Supervising Deputy Attorney General
3   HEATHER M. HECKLER, State Bar No. 235492
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone: (916) 210-7532
6     Fax: (916) 322-8288
      E-mail: Heather.Heckler@doj.ca.gov
7   Attorneys for Third Party
    California Department of Corrections and
8   Rehabilitation

9                IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 2:19-cr-00107-KJM |
| Plaintiff, | **OBJECTION TO THE COURT'S ORDER GRANTING IN PART DEFENDANT DANIEL'S SECOND MOTION TO COMPEL DISCOVERY** |
| v. | |
| **BRANT DANIEL,** | |
| Defendant. | Judge: The Honorable Kimberly J. Mueller |

**INTRODUCTION**

The California Department of Corrections and Rehabilitation (CDCR) objects to the Court's September 8, 2022 order concerning the production of documents to Defendant Brant Daniel pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E). ECF No. 1275. Through a motion to compel discovery, Daniel sought records related to the discovery by prison staff of an inmate-manufactured weapon in his cell at California State Prison, Sacramento (CSP-Sacramento) where he was being held as a pretrial detainee in this case. ECF No. 1231, Mot. to Compel; ECF No. 1252, Opp'n. to Mot. to Compel at 2. In opposing Daniel's motion, the government indicated it did not possess any material responsive to Daniel's second and third

1

requests, but stated that "to the extent any such responsive material exists" it was "willing to request CDCR to examine and/or produce such material, if appropriate, and if CDCR counsel or the California Attorney General's Office does not object." ECF No. 1252. The Court granted Daniel's motion in part, including modified versions of Daniel's second and third requests. ECF No. 1275 at 7-8. In doing so, the Court stated that counsel for CDCR or the California Attorney General's Office could file objections to Daniel's second and third requests within fourteen days. ECF No. 1275 at 7-8. CDCR objects to the production of any records responsive to Daniel's second and third requests on the ground that it cannot be compelled to produce documents pursuant to Rule 16, which applies only to the parties. Rather, Daniel's request for CDCR documents which are not in the government's possession must be made through the issuance of a subpoena duces tecum under Rule 17 of the Federal Rules of Criminal Procedure, subject to a motion to quash.

# ARGUMENT

I. **DANIEL'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS IN THE CUSTODY AND CONTROL OF CDCR MUST BE MADE THROUGH THE ISSUANCE OF A SUBPOENA DUCES TECUM .**

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) provides that a criminal defendant is entitled to discovery of materials "within the possession, custody, or control of the government," that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). Rule 16 applies only to material in the government's possession and it only governs disclosures between the government and the defendant. *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985) (holding government was not required to disclose records that were in the actual possession of a state agency); *United States v. Fort*, 472 F.3d 1106, 1110 (9th Cir.2007).

In contrast, Rule 17 allows a defendant to seek evidence from a third party by the issuance of a subpoena duces tecum. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219, (1951); *United States v. Nixon*, 418 U.S. 683, 697-98, (1974). Rule 17 is not a discovery device and is narrower than Rule 16. *Bowman Dairy Co.*, 341 U.S. at 214. To support the issuance of a subpoena duces tecum, the requesting party bears the burden of demonstrating the relevancy, admissibility, and specificity of the materials sought. *United States v. Reed*, 726 F.2d 570, 577

2

(9th Cir. 1994) (citing *Nixon*, 418 U.S. at 700). Where the requesting party fails to meet this

burden, the subpoena may be quashed. *Nixon*, 418 U.S. at 698-99; *Reed*, 726 F.2d at 577; *United*

*States v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006). A subpoena should also be quashed when

"production would be 'unreasonable' or 'oppressive.'" *Nixon*, 418 U.S. at 698; Fed. R. Crim. P.

17(c)(2). In determining reasonableness, "the Court may consider policy concerns, which can

include the expectations of confidentiality of those whose records are sought." *United States. v.*

*Doe*, 434 F.Supp.2d 377, 378 (E.D. Virginia 2006), citing *Grand Jury Proceedings: Subpoenas*

*Duces Tecum*, 827 F.3d 301, 306 (8th Cir. 1987). Thus, "[f]ederal common law recognizes" that

state agencies may assert the "official information" privilege to prevent disclosure of its

confidential records. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991)

(citing *Kerr v. United States Dist. Ct.* for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975); *Kelly v.*

*City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987).

Here, Rule 16 does not apply to the second and third requests in Daniel's discovery motion.

As indicated in its opposition, any records responsive to these requests are not in the

government's actual possession, custody, or control. ECF No. 1252, Opposition, at 8. Any

responsive records that may exist in the possession of CDCR and are therefore not subject to

production under Rule 16. *Gatto*, 763 F.2d at 1049. To obtain records from CDCR, Daniel must

proceed by means of a subpoena duces tecum issued under Rule 17. *Bowman Dairy Co.*, 341

U.S. at 214. In doing so, Daniel must demonstrate the relevancy, admissibility, and specificity of

the records he seeks. *Nixon*, 418 U.S. at 700. If Daniel fails to meet that burden, or if any

responsive documents are privileged or confidential, CDCR would then have the opportunity to

move to quash the subpoena.[1] *Nixon*, 418 U.S. at 698-99; Fed. R. Crim. P. 17(c)(2).

## CONCLUSION

CDCR objects to the production of any records in its possession responsive to Daniel's

discovery requests because Rule 16 of the Federal Rules of Criminal Procedure applies only to

material in the government's possession and only governs disclosures between the government

---

[1] In objecting to the Court's order, CDCR does not waive any claim of privilege or confidentiality that may apply to any records responsive to Daniel's requests. Any claim of privilege or confidentiality is premature because no subpoena duces tecum has issued.

3

Obj. to the Court's Order Granting Def. Daniel's Second Mot. to Compel Disc. (2:19-cr-00107-KJM)

and the defendant. To obtain any potentially responsive records from CDCR, Daniel must proceed via a subpoena duces tecum issued pursuant to Rule 17 of the Federal Rules of Criminal Procedure, and subject to a motion to quash by CDCR.

Dated: September 22, 2022                          Respectfully submitted,

ROB BONTA
Attorney General of California
JULIE A. MALONE
Supervising Deputy Attorney General


*/s/ Heather M. Heckler*
HEATHER M. HECKLER
Deputy Attorney General
*Attorneys for Third Party California
Department of Corrections and
Rehabilitation*

4

Obj. to the Court's Order Granting Def. Daniel's Second Mot. to Compel Disc.   (2:19-cr-00107-KJM)

# CERTIFICATE OF SERVICE

Case Name: **Daniel, Brant v. United States**       No.   **2:19-cr-00107-KJM**
            **of America**

I hereby certify that on September 22, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OBJECTION TO THE COURT'S ORDER GRANTING IN PART DEFENDANT DANIEL'S SECOND MOTION TO COMPEL DISCOVERY**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On September 22, 2022, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Michael Torres F-96964
P.O. Box 29006
Represa, CA 95671-0066

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 22, 2022, at Sacramento, California.

| R. Rondaris | /s/ R. Rondaris |
|---|---|
| Declarant | Signature |

SA2021300484
36576498.docx