JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
john@balazslaw.com

TIMOTHY E. WARRINER, Bar # 166128
Attorney at Law
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 443-7141
tew@warrinerlaw.com

Attorneys for Defendant,
BRANT DANIEL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>BRANT DANIEL,<br><br>      Defendant. | Case No. 2:19-CR-0107-KJM<br><br>REPLY TO CDCR'S OBJECTION TO COURT'S ORDER GRANTING, IN PART, *SECOND* MOTION FOR DISCOVERY<br><br>Honorable Kimberly J. Mueller |

In an order filed September 8, 2022, the district court granted, in part, defendant Brant Daniel's second discovery motion. ECF No. 1275. With respect to the order granting requests (2) and (3), the Court provided CDCR's counsel 14 days to file any objections. The Court's order regarding requests (2) and (3) is as follows:

>   (2)   The government is directed to request that CDCR examine and produce any and all written reports, statements, or documents by

1

    Officer Ramirez or Officer Lee regarding the search of Daniel's cell and the incidents alleged in the October 2020 RVR.

    (3)    The government is directed to request that CDCR examine and produce the "Supplemental Report" and two "IE Reports" cited in Exh. D to Daniel's Reply on pages 1-2.

ECF No. 1275, at 7.

    On September 22, 2022, CDCR filed a boilerplate objection to requests (2) and (3). ECF No. 1287. It raised no substantive objection to the Court's order. Rather, it argued only "that it cannot be compelled to produce documents pursuant to Rule 16, which applies only to parties," and that Daniel's request for documents should be made through issuance of a Rule 17 subpoena subject to a motion to quash. *Id.* at 2.[1]

    This ignores the unique context and procedural posture of this capital case. Rule 16(a)(1)(E) provides for discovery that is in the government's "possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). The indictment charges a broad RICO conspiracy involving multiple murders and other criminal conduct in the California prison system. Daniel is in custody in CSP-Sacramento pursuant to a contract with the federal government and much of the discovery is from CDCR and its investigators. The Court has previously ruled that in the circumstances of this case, the defense has satisfied the "possession, custody, or control" prong of Rule 16(a)(1)(E). ECF No. 988, at 14; ECF No. 1275, at 3. CDCR gives no reason to

---

[1]     CDCR counsel are on the case service list and thus were electronically served Daniel's second discovery motion, subsequent pleadings, and the court's 9/8/22 order.

question these rulings.[2] Without any substantive reason why the documents should not be produced, CDCR's response appears primarily designed for delay.

At the August 31 status conference, government counsel advised that it expects to make a recommendation as to whether to seek the death penalty as to Daniel and three other defendants to Main Justice "in or about October 2022." Reporter's Transcript, 8/31/22 Status Conf. & Mtn. Hrg, at 10.  Daniel requested the documents so that the defense may effectively use the documents in the death-authorization process.  The Court thus should order the government and CDCR to provide the discovery ordered by the Court as to requests 1(a), 1(d), (2), and (3) as soon as practicable and within 14 days.

## Conclusion

For these reasons, the Court should deny CDCR's objection and order the government and CDCR to provide documents responsive to the Court's 9/8/22 order on Daniel's second discovery motion within 14 days.

Respectfully submitted,

DATED:  September 26, 2022

/s/ Timothy E. Warriner
TIMOTHY E. WARRINER

/s/ John Balazs
JOHN BALAZS
Attorneys for Defendant
BRANT DANIEL

---

[2]   Alternatively, the Court may construe Daniel's second discovery motion as a request for authorization to issue a subpoena to CDCR for requests (2) and (3) and order CDCR to provide the requested documents on that basis.  Documents that are "material to preparing the defense" under Rule 16(a)(1)(E) would satisfy the *Nixon* standard for issuance of a subpoena.  *See United States v. Nixon,* 418 U.S. 683, 697-98 (1974) (requiring showing that requested documents are specific, evidentiary, and relevant).