UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Brant Daniel,<br><br>　　　　　Defendant. | No. 2:19-cr-00107-KJM<br><br>TENTATIVE ORDER |

　　　　The court previously granted in part defendant Brant Daniel's motion to compel the production of evidence by the government under Federal Rule of Criminal Procedure 16.  ECF No. 1275.  The court permitted the California Department of Corrections and Rehabilitation (CDCR) to object to two categories of documents:

> (2) The government is directed to request that CDCR examine and produce any and all written reports, statements, or documents by Officer Ramirez or Officer Lee regarding the search of Daniel's cell and the incidents alleged in the October 2020 RVR.

> (3) The government is directed to request that CDCR examine and produce the "Supplemental Report" and two "IE Reports" cited in Ex. D to Daniel's Reply on pages 1–2.

*See id* at 7–8.  CDCR has objected, ECF No. 1287, and Daniel has responded, ECF No. 1288.  CDCR does not claim that complying with the court's order would impose an undue burden or

/////

1

1    that the documents Daniel seeks are irrelevant; it argues Daniel must pursue any materials via

2    subpoena under Federal Rule of Criminal Procedure 17(c).  *See* Objections at 2–3.

3       The court construes Daniel's discovery motion as a request for a Rule 17(c) subpoena, its

4    previous order granting that motion as an order granting a request for a subpoena, and CDCR's

5    objections as a motion to quash the subpoena.  The Ninth Circuit and Supreme Court have listed

6    four requirements a requesting party must satisfy to obtain a subpoena under Rule 17(c):

7       (1)   The requested materials are "evidentiary," that is, relevant and admissible.  *See*

8             *United States v. Nixon*, 418 U.S. 683, 699 (1974); *United States v. Sleugh*, 896

9             F.3d 1007, 1012 (9th Cir. 2018)

10      (2)   The materials cannot otherwise be procured "reasonably in advance of trial by

11            exercise of due diligence."  *United States v. Krane*, 625 F.3d 568, 574 (9th Cir.

12            2010) (quoting *Nixon*, 418 U.S. at 699).

13      (3)   The requesting party "cannot properly prepare for trial without such production

14            and inspection in advance of trial," and "the failure to obtain such inspection may

15            tend unreasonably to delay the trial."  *Id.* (quoting *Nixon*, 418 U.S. at 699).

16      (4)   The application is specific, *Sleugh*, 896 F.3d at 1012, in "good faith," and not a

17            "fishing expedition," *Krane*, 625 F.3d at 574 (quoting *Nixon*, 418 U.S. at 699–

18            700).  The requesting party must show, in other words, that it is not on a "blind"

19            pursuit of "unknown evidence."  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir.

20            1984) (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

21      The two disputed categories of documents meet these requirements.  First, the information

22   Daniel seeks is relevant and admissible for the reasons explained in the order docketed at ECF

23   No. 1275.  The information could help show whether Daniel poses a danger to others, which is

24   one factor prosecutors can consider when deciding whether to seek the death penalty.  Second, it

25   is clear Daniel cannot obtain copies of these materials himself.  Third, as this court has previously

26   explained, Daniel cannot thoroughly prepare for discussions with prosecutors without reviewing

27   these materials, and in a potential capital case, courts are especially cautious.  *See generally* Order

28   /////

(July 6, 2021), ECF No. 824.  Fourth, the order is specific about what CDCR must produce; this is no "fishing expedition."

Counsel for defendant Daniel is directed to **immediately serve a copy of this tentative order on counsel for CDCR**.  This tentative order will become final without a further order unless CDCR files specific objections to the court's planned decision **within seven days**.  If CDCR does file specific objections, the court will consider those and then determine whether to make this order final.

IT IS SO ORDERED.

DATED:  October 19, 2022.

CHIEF UNITED STATES DISTRICT JUDGE