UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANT DANIEL,<br><br>Defendant. | No. 2:19-cr-00107-KJM<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT DANIEL'S MOTION FOR URGENT MEDICAL CARE BE DENIED<br><br>ECF No. 1170 |

Defendant Brant Daniel, a pretrial detainee, is currently detained at California State Prison Sacramento pursuant to an agreement between the U.S. Marshals Service and the California Department of Corrections and Rehabilitation. Daniel moves for an order requiring that he be provided surgery to remove a lipoma from his forehead. ECF No. 1170. The motion was before the court for hearing on August 31, 2022. Attorneys John Balazs and Tim Warriner appeared on behalf of Daniel, and Assistant United States Attorneys David Spencer and Ross Pearson appeared on behalf of the government. Because the court does not have jurisdiction to grant the relief sought, Daniel's motion should be denied.

"Generally, federal inmates and pretrial detainees may only challenge the conditions of their confinement pursuant to an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (a '*Bivens* action')." *United States v. Yandell*, No. 2:19-cr-00107-KJM, 2020 WL 3858599, *4 (E.D. Cal. July 8, 2020). Courts,

1

however, have recognized one limited exception to this rule: a defendant in a criminal case can challenge "conditions of confinement that impinge his or her ability to consult with counsel or exercise other trial rights." *Id.*; *see United States v. Luong*, No. 99-cr-433-WBS-GGH, 2009 WL 2852111, *1 (E.D. Cal. Sept. 2, 2009). A "broader exception would allow defendants to bypass the administrative exhaustion requirements of the Prison Litigation Reform Act . . . [and] also would have practical consequences when, as in this case, the moving defendant is detained in a state prison or county jail and the state officials and officers are not parties to the federal case." *United States v. Yandell*, No. 2:19-cr-00107-KJM, 2021 WL 4777113, at *3 (E.D. Cal. Oct. 13, 2021) (citations omitted). The defendant bears the burden of demonstrating that the exception applies. *United States v. Wade*, No. 3:07-cr-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009). To satisfy this burden, a defendant "must proffer some evidence to show that he is, in fact, unable to effectively assist counsel due to the condition of his confinement."[1] *Id*.

Daniel argues that he requires immediate medical care to remove a lipoma in his scalp that, over the past year, has progressively grown. ECF No. 1170 at 3-4. He claims that the lipoma now pulls the skin and muscles above his right eye, resulting in pain, irritation, distorted vision, and difficulty sleeping. *Id.*; ECF No. 1251 at 1, 3.

A November 2021 treatment note reflects Daniel's complaints that the lipoma was progressively growing, resulting in worsening symptoms. ECF No. 1170-1 at 1. A general surgeon evaluated Daniel and recommended that he undergo surgery to remove the lipoma. After California Correctional Health Care Services approved a request for surgery, a tentative date was set for the procedure. ECF No. 1251-3 at 2. However, because Daniel is the custody of the U.S.

---

[1] Courts have not specified the precise level of interference needed for a condition to trigger the exception. *See Luong*, 2009 WL 2852111 at *1 (holding that the exception may apply where "conditions of confinement affect [the defendant's] ability to consult with counsel or exercise other trial rights"); *Wade*, 2009 WL 3837151 at *1 (stating that the condition must prevent defendant from being able "to effectively assist counsel"); *United States v. Folse*, Nos. CR 15-2485 JB & CR 15-3883 JB, 2016 WL 3996386, *19 (finding that the exception did not apply because the condition did not "prevent" or "significantly affect" the defendant's ability to exercise his trial right). I need not decide the exact contours of the exception since, as explained herein, Daniel has not shown that he is limited in his ability to consult with counsel.

Marshals Service, that agency's approval was required.  Ultimately, the Marshals Service denied Daniel's request, stating that the surgery was "elective [and] not urgent" and that removal of the lipoma was sought "for cosmetic reasons."  *Id*.; ECF No. 1170-1 at 2.

Daniel disagrees with the Marshals Service's characterization of the requested surgery as cosmetic.  He argues that his condition interferes with his constitutional right to consult with counsel by limiting his ability to review documents and evidence related to his defense.  ECF No. 1170 at 4; ECF No. 1251 at 3.  In his declaration, he states that the lipoma causes pain in and around his right eye.  ECF No. 1251-2 ¶ 1.  He also states that when he reads or focuses on an object, his vision is distorted and blurry.  *Id*. ¶ 2.  He reports awakening several times each night due to irritation in or around his right eye and notes that his condition is worsening.  *Id*. ¶¶ 3-6.

Daniel's evidence may indicate that his lipoma is a serious condition warranting medical intervention.  The record in this case, limited though it is, may also raise questions about the basis of the decision to decline authorization for surgery.  However, the Marshals Service, like other persons involved in Daniel's medical care, is not a party to this action.  "Entertaining defendant's filing in this action fails to properly apprise those individuals who have the requisite authority and ability to address and potentially remedy defendant's grievances."  *Luong*, 2009 WL 2852111, at *2.

More fundamentally, Daniel's proffered evidence does not demonstrate that his medical condition prevents or significantly interferes with his ability to assist with his defense.  *See Wade*, 2009 WL 3837151, at *1; *Folse*, 2016 WL 3996386, at *19.  Although he reports experiencing pain and blurred vision, he does not claim that his symptoms preclude reading.  ECF No. 1251 at 1 ("When I read I must push my right eye brow upwards enduring the pain and soreness just to read").  Significantly, Daniel is represented by experienced counsel, who can assist him in reviewing documents.  *See Luong*, 2009 WL 2852111, at *1.  Thus, Daniel has not satisfied his burden of demonstrating that his medical condition impeded him from consulting with counsel or exercising another trial right.  *See Yandell*, 2021 WL 4777113, at *3.

Accordingly, it is hereby RECOMMENDED that Daniel's motion for urgent medical care, ECF No. 1170, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 20, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE