JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
john@balazslaw.com

TIMOTHY E. WARRINER, Bar # 166128
Attorney at Law
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 443-7141
tew@warrinerlaw.com

Attorneys for Defendant,
BRANT DANIEL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 2:19-CR-0107-KJM |
|---|---|
| Plaintiff, | ) **DEFENDANT BRANT DANIEL'S** |
| | ) **NOTICE OF MOTION AND** |
| vs. | ) **MOTION TO SEVER** |
| | ) |
| BRANT DANIEL, | ) Motion Hearing: |
| | ) Date: February 22, 2023 |
| Defendant. | ) Time: 9:00 a.m. |
| | ) Courtroom 1 |
| | ) Hon. Kimberly J. Mueller |

TO   PHILLIP TALBERT, U.S. Attorney, and JASON HITT, ROSS PEARSON, and DAVID SPENCER, Assistant U.S. Attorneys:

NOTICE IS HEREBY GIVEN that on February 22, 2023, at 9:00 a.m., or other time set by the Court, before the Honorable Kimberly J. Mueller, Chief District Judge, the defendant, Brant Daniel, through counsel, does and will move

1

for an order severing him from the defendants set for trial on February 26, 2024 for the reasons set forth in the attached Memorandum of Points and Authorities.

This motion is based on the instant motion, the Sixth and Eighth Amendments, Federal Rule of Criminal Procedure 14, the Court's inherent power to control its docket, the attached Memorandum of Points and Authorities, and any evidence or argument before or at the hearing on this motion.

This motion is noticed for courtroom 1 on February 22, 9 a.m., because the Court's calendar shows a trial confirmation hearing currently scheduled for defendants Daniel, Troxell, and Sylvester on that date.

Respectfully submitted,

DATED: February 6, 2023

/s/ Timothy E. Warriner
TIMOTHY E. WARRINER

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
BRANT DANIEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Procedural Background

In its November 8, 2021 filing, the government responded to the Court's order to show cause by objecting to the Court's proposal to set deadlines for a Superseding Indictment and a date by which the government must announce its intention regarding the death penalty. ECF Nos. 910, 921. Later that month, the government invited four defendants, including Mr. Daniel, to make a submission as to why it should not seek the death penalty.

On January 5, 2022, the Court set a March 20, 2023 jury trial date for defendants Yandell, Sylvester, Daniel, Corbett, Brady, and Troxell, based on the agreement of the parties. ECF No. 988. On February 25, 2022, Mr. Daniel's counsel provided the government with a submission as to why it should not seek the death penalty against Mr. Daniel. On December 8, 2022, the government filed its Superseding Indictment. ECF No. 1375. Despite the long delay in filing the Superseding Indictment, it added no new defendants or allegations against the existing defendants. Rather, with respect to Mr. Daniel, it added only a substantive murder-in-aid-of-racketeering charge in violation of 18 U.S.C. § 1959(a)(1), which had been charged as a Special Sentencing Factor in the RICO conspiracy count in the initial Indictment. *Compare* ECF No. 25 (Indictment), ¶ 42 *with* ECF No. 1375 (Superseding Indictment) (count 17).

In his latest status report, Mr. Daniel informed the Court that he wished to keep the existing March 20, 2023 trial date, objecting to the lengthy proposed continuance of trial requested by other defendants. ECF No. 1392. He pointed out that much of the delay is attributable to the government. For example, Mr. Daniel's mitigation submission is still pending, more than 11 months after it had

been submitted to the U.S. Attorney's Office. Likewise, although the defense was led to believe that the Superseding Indictment would add new allegations and/or new defendants, it did neither. This same indictment could have been filed months ago.

At the status conference on January 25, 2023, the Court granted the request of a group of defendants to continue the jury trial to February 26, 2024, over Mr. Daniel's objection, and invited Mr. Daniel to file a motion to sever to address his request for an earlier trial date. Counsel for Mr. Sylvester and Mr. Troxell also advised the Court that their clients also requested earlier trial dates and would join Mr. Daniel's motion to sever.

Mr. Daniel now moves to sever his trial from those set for trial more than a year from now. Given Mr. Troxell's intention to join in Mr. Daniel's severance motion, Mr. Daniel now seeks a May 2023 trial date to accommodate Troxell's counsel's schedule and need to prepare for trial. Modifying the Court's prior pretrial scheduling order (ECF No. 1269) to fit the shortened proposed trial schedule, Mr. Daniel proposes the following schedule:

| | |
|---|---|
| <u>Jury Trial</u>: | <u>May 2023</u> |
| Trial confirmation hearing: | 14 days before trial |
| Disclosure of all materials covered by the Jencks Act, *Brady*, and *Giglio*: | 60 days before trial |
| Government's witness list: | 60 days before trial |
| Simultaneous expert witness disclosures: | 60 days before trial |
| Government production of electronic Copies of non-physical exhibits: | 42 days before trial |

| | |
|---|---|
| Objections to non-physical exhibits: | 28 days before trial |
| Motions in limine: | 28 days before trial |
| Responses to motions in limine: | 21 days before trial |
| Proposed jury instructions and verdict forms: | 14 days before trial |
| Defense witness and exhibit lists: | 14 days before trial |

## II. The Court should sever defendant Brant Daniel's trial from the February 2024 trial of the other defendants.

Federal Rule of Criminal Procedure 8(b) permits individuals to be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions." Fed. R. Crim. P. 8(b).[1] Even if joinder is proper under Rule 8(b), however, the district court may grant a severance under Federal Rule of Criminal Procedure 14 "if it appears that a defendant or the government is prejudiced by the joinder." Fed. R. Crim. P. 14.[2] "Rule 14's

---

[1] Rule 8(b) states, in part:

**(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense. . . . .

Fed. R. Crim. P. 8(b).

[2] Rule 14 states:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

concern is to provide the trial court with some flexibility when a joint trial may appear to risk prejudice to a party." *United States v. Lane*, 474 U.S. 438, 449 (1986). A severance should be granted where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable determination about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The determination whether to grant a severance "under the circumstances that present themselves in a particular case" is entrusted to the trial judge's "sound and substantial discretion." *Zafiro*, 506 U.S. at 538-39. "[T]he trial judge has a continuing duty at all stages of a trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

The Court should grant a severance to protect Mr. Daniel's right to a speedy trial and to avoid prejudice. First, Mr. Daniel's right to a speedy trial will be "compromise[d]" without severance. *Zafiro*, 506 U.S. at 539. In his status report and at the January 25 status conference, Mr. Daniel objected to the lengthy continuance requested by his codefendants and asked the Court to keep the March 20, 2023 trial date for his trial. The Court ultimately granted codefendants' request to continue the trial to February 26, 2024, and invited Mr. Daniel to move to sever if he wanted a sooner trial date. Mr. Daniel's counsel agreed to an exclusion of time *only* to the date of the next status conference, March 25, 2023. As Mr. Daniel made clear in his status report and at the status conference, at this point he seeks to exercise his right to a speedy trial and opposes any more lengthy exclusions of time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.[3]

---

[3] At the last status conference, Mr. Troxell's counsel indicated his client may join Mr. Daniel's request to sever but represented that counsel sought a later trial date to provide for adequate time to prepare for trial. Although Mr. Daniel had

6

Failure to grant a severance would also violate Mr. Daniel's Sixth Amendment right to a speedy trial. *See United States v. MacDonald,* 456 U.S. 1 (1982). In determining whether a defendant has been deprived of his constitutional right to a speedy trial, courts look at the following factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 530 (1972).

Here, absent a severance, Mr. Daniel's trial will be delayed to at least February 2024 over his objection. Much of the past delay is attributable to the government. In January 2022, based in part on the government's representation that a Superseding Indictment would be forthcoming, the defense agreed to continue the trial date to March 2023. ECF No. 988. But the Superseding Indictment that was filed simply charged the same allegations in the initial indictment as separate offenses, which could have been done months or years ago. Moreover, Mr. Daniel's mitigation submission has been sitting in the U.S. Attorney's Office for more than eleven months *without* the local U.S. Attorney forwarding its death penalty package to the DOJ's Capital Case Section for its review and decision—even though a jury trial date had been set for March 23, 2023. *See* Justice Manual, § 9.10.080.

Further, Mr. Daniel has been detained in solitary confinement for seven continuous years, the last few in the inaptly named, *short-term* restricted housing unit at CSP-Sacramento. In October 2020, prison authorities there transferred him to the Psychiatric Services Unit (PSU) in conditions tantamount to torture even though he did not meet the criteria for placement in the unit, based on a false

---

requested the Court keep the March 2023 trial date, he now seeks a *May* 2023 trial date to permit a joint trial.

allegation that officers found a weapon in his cell that Mr. Daniel was planning on using to kill a correctional officer.  ECF No. 703.

After he was found not guilty of the false disciplinary charge against him, ECF No. 1257-1, Mr. Daniel should have been released from the segregated housing unit under the *Ashker* settlement because he is in a non-disciplinary status.[4]  Nonetheless, prison authorities have continued to confine him in solitary confinement without any legal justification.  Among other restrictions, placement in this segregation unit bars him from any family contact visits and makes legal visits more difficult.  A failure to sever here would infringe Mr. Daniel's constitutional and statutory rights to a speedy trial and may result in him remaining in solitary confinement without justification for more than another year awaiting trial.  *See Doggett v. United States,* 505 U.S. 647, 654 (1992) (observing that "oppressive pretrial incarceration" may be considered in determining whether there is prejudice resulting from the delay).

---

[4]     In 2012, a second amended class action complaint was filed in *Ashker v. Brown*, claiming that prolonged solitary confinement in the Pelican Bay SHU was so inhumane and debilitating that it violated the Eighth Amendment's prohibition against cruel and unusual punishment, and that CDCR's gang management regulations and practices violated the prisoners' rights to due process.  N.D. Cal. 4:09-CV-5796-CW, ECF No. 136; *see also* Vera Institute of Justice, "The Impacts of Solitary Confinement," April 2021 (noting the "vast body of research that shows the serious detrimental effects on mental and physical health of spending 22 to 24 hours per day alone in a cell the size of a parking space").  The lawsuit was supported by numerous expert reports that summarized the long-term harm to inmates' psychological and physical health from prolonged solitary confinement in the Pelican Bay SHU.  On September 1, 2015, the parties reached a settlement agreement in *Ashker* that changed CDCR's prior practices and banned it from placing inmates into a SHU *solely* on the basis of their validation status instead of disciplinary reasons.  ECF No. 424-2.

Moreover, practical and fairness concerns strongly weigh against a joint trial of six defendants in this case.  "[N]o defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." *United States v. Boscia,* 573 F.2d 827, 833 (3d Cir. 1978).  In complex cases involving varying degrees of evidence against multiple defendants like this racketeering one, "it is fair to inquire 'whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants.'" *United States v. Sampol*, 636 F.2d 621, 647 (D.C. Cir. 1980) (quoting *United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977)); *see also Strickland v. Washington,* 466 U.S. 668, 704 (1984) (noting that the Supreme Court has "consistently required capital proceedings be policed at all stages by an especially vigilant concern for procedural fairness and for the accuracy of factfinding") (Brennan, J., concurring in part, and dissenting in part).

      Here, for example, some defendants may have made post-offense statements to investigators that would be inadmissible against other defendants under *Bruton v. United States*, 391 U.S. 123 (1968).  There is likely to be other evidence that is admissible against one defendant but not other defendants.  A joint trial of six defendants will unfairly subject Mr. Daniel to spillover prejudice with respect to evidence admitted against other defendants that would be inadmissible as to him.  *See, e.g., United States v. United States v. Baker,* 98 F.3d 330, 335 (8th Cir. 1996) (holding district court abused its discretion in denying severance where prejudicial evidence against one defendant could not have been admitted against another defendant without joinder and because jury instructions could not alleviate the risk of substantial prejudice).

In addition to its Rule 14 authority, the power to order separate trials for case management reasons also "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Leichter,* 160 F.3d 33, 35-36 (1st Cir. 1998); *see also United States v. Paul,* 150 F.R.D. 696, 700 (S.D. Fl. 1993). Besides creating a serious risk that a jury will be unable to compartmentalize the evidence against six separate defendants, a six-defendant joint trial will create significant logistical problems inherent with having multiple defendants, multiple defense attorneys, multiple prosecutors, multiple deputy U.S. Marshals, and multiple investigators and case agents in the same (high-security) courtroom for a lengthy trial. The Court thus should split the current six-defendant trial grouping into two groups to minimize the logistical problems of this joint trial.

### III. Conclusion

For these reasons, the Court should grant defendant Brant Daniel's motion to sever his trial from the other defendants set for trial in February 2024, and instead set his trial to begin in May 2023.

Dated: February 6, 2023

Respectfully submitted,

/s/ Timothy E. Warriner
TIMOTHY E. WARRINER

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
BRANT DANIEL