UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANT DANIEL,<br><br>Defendant. | No.  2:19-cr-00107-KJM<br><br>**FINDINGS AND RECOMMENDATIONS** THAT DEFENDANT DANIEL'S MOTION FOR URGENT MEDICAL CARE BE DENIED<br><br>ECF No. 1649 |

Defendant Brant Daniel has filed a motion for an order requiring the U.S. Marshals Service to authorize two medical procedures: (1) Sacroiliac joint fusion surgery; and (2) surgery to remove a lipoma from the top of his head. ECF No. 1649.  The motion was before the court for hearing on November 1, 2023.  Attorneys John Balazs and Tim Warriner appeared on behalf of Daniel, and Assistant U.S. Attorneys Jason Hitt, Ross Pearson, and David Spencer appeared on behalf of the government.  I will recommend that Daniel's motion be denied as moot.

As the court has previously explained, "[g]enerally, federal inmates and pretrial detainees may only challenge the conditions of their confinement pursuant to an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (a '*Bivens* action')." *United States v. Yandell*, No. 2:19-cr-00107-KJM, 2020 WL 3858599, *4

(E.D. Cal. July 8, 2020).[1]  Courts, however, have recognized one limited exception to this rule: a defendant in a criminal case can challenge "conditions of confinement that impinge his or her ability to consult with counsel or exercise other trial rights." *Id.*; *see United States v. Luong*, No. 99-cr-433-WBS-GGH, 2009 WL 2852111, *1 (E.D. Cal. Sept. 2, 2009).

Daniel argues that the Marshals Service has improperly refused to approve surgical procedures to address severe pain resulting from his back condition and lipoma.  ECF No. 1649 at 3, 8.  He contends that, without surgery, he is required to take narcotic pain medication, which impairs his mental acuity and interferes with his ability to consult with counsel and assist with his defense.

Daniel has proffered evidence demonstrating that he has serious medical conditions that warrant some form of medical intervention.  *See* ECF No. 1649-2 at 1-8.  But even assuming that those conditions hindered his ability to consult with counsel, recent events have eliminated Daniel's need to assist in his defense.  On December 20, 2023, Daniel entered a guilty plea to Count 17 of the Superseding Indictment and was sentenced to imprisonment for a life term.  ECF No. 1766.  Consequently, Daniel no longer needs to assist counsel in preparation for trial, and his motion is moot.[2]

Accordingly, it is hereby RECOMMENDED that Daniel's motion for urgent medical care, ECF No. 1649, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

---

[1] The court denied a prior motion from Daniel seeking an order requiring the Marshals Service to authorize surgery to remove a lipoma from his head.  ECF Nos. 1385 & 1472.

[2] Moreover, granting Daniel the relief he seeks—an order requiring the Marshals Service to authorize two surgical procedures—would be meaningless now.  The court's December 20, 2023 judgment committed Daniel to the custody of the Federal Bureau of Prisons to begin his sentence.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 26, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE