AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Eastern District of California |
|---|---|---|
| Name *(under which you were convicted)*:<br>Brant Daniel | | Docket or Case No.:<br>2:19-CR-00107-KJM |
| Place of Confinement:<br>CSP-Sacramento state prison, Represa, CA | Prisoner No.:<br>J85968 | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* |
| V. | BRANT DANIEL | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Eastern District of California, Sacramento, CA 95814

   (b) Criminal docket or case number (if you know):  2:19-CR-00107-KJM

2. (a) Date of the judgment of conviction (if you know):  12/20/2023

   (b) Date of sentencing:  12/20/2023

3. Length of sentence:  life imprisonment

4. Nature of crime (all counts):

   RICO conspiracy (count 1); murder in aid of racketeering (count 17)

**FILED**

JUL 1 0 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

5. (a) What was your plea?  (Check one)

   (1) Not guilty ☐        (2) Guilty ☑        (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Guilty plea to count 17; count 1 dismissed.

6. If you went to trial, what kind of trial did you have?  (Check one)        Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☑

Page 2 of 13

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?      Yes ☐      No ☑

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised:

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised:

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐      No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:




    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

            Yes ☐      No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: _____

    (2)  Docket of case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:






    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

            Yes ☐      No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ☐     No ☐

    (2)  Second petition:  Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The government violated plea agreement in failing to request and take all necessary steps to have me

transferred to federal prison to serve the sentence imposed in this case.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attachment

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

_____

**(c)  Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]      No [ ]

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes [ ]      No [ ]

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes [ ]      No [ ]

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ]      No [ ]

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐     No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐     No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

   (3)  Did you receive a hearing on your motion, petition, or application?

       Yes ☐     No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

       Yes ☐     No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

       Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

This is the first time claim 1 is presented in federal court because it was not ripe before I was sentenced and learned that I was not being transferred to federal prison as the plea agreement required.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?      Yes ☐      No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

**John Balazs and Tim Warriner, Sacramento, CA**

(c) At the trial:

(d) At sentencing:

**same**

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☐      No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐      No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

**(1) Sacramento County No. 95F04512 (12/8/95 sentence, life plus enhancements); (2) Sacramento County No. 03F08579 (5/13/03 sentence, 4 years consecutive); (3) Monterey County No. SS170099A (6/7/17 sent, 30 yrs-life)**

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:   **above**

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐      No ☐

Page 11 of 13

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely filed within one year of my 12/20/23 federal court sentencing.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
**Vacate my guilty plea and any other appropriate relief**

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____July 2 nd 2024_____ .
(month, date, year)

Executed (signed) on ___July 2 nd 2024___ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

ATTACHMENT TO MOTION TO VACATE UNDER 28 U.S.C. 2255

I.    Background

On December 23, 2023, I pled guilty with a plea agreement to count 17 of the Superseding Indictment charging me with murder in aid of racketeering. The plea agreement specified that "the United States agrees to seek imprisonment in the Bureau of Prisons for the rest of his life and request that the BOP accept a jurisdictional shift from the State of California and defendant's undischarged California prison sentence." ECF No. 1765, Sec. III(C).

The government also made further assurances in court that led me to believe I would be transferred to federal prison. Reporter's Transcript, 12/20/2023 Sentencing, at 23-25. The prosecutor said that he had put in a lot of work before we even got here to secure a transfer and "I'm going to promptly upon sentencing initiate the proceeding to go make sure that we get that accomplished." RT at 23. In response to the court's comments, the prosecutor said he had discussed the matter with regional counsel and has taken steps to ensure that the transfer would be successful. RT at 24. He also said that the writ ad prosequendum in this case was written as another layer of protection to make sure that I would be transferred to federal prison rather than stay in state prison. RT at 25.

Based on those assurances, I also agreed to expedited sentencing and I was sentenced to life imprisonment that same day.

Despite the assurances in my plea agreement, I remain at CSP-Sacramento seven months after my sentencing. I've been told by prison authorities here that I will not be transferred to federal prison as my plea agreement states I would. I

would never have pled guilty if I didn't have assurances that I would be transferred to federal prison to serve my sentence.

Because the government violated the terms of my plea agreement, my agreement to waive collateral attacks to my conviction and sentence is void. <u>United States v. Watson</u>, 582 F.3d 974, 987 (9th Cir. 2009).

II.  <u>Because the government violated the terms of my plea agreement, the Court should vacate my guilty plea, reinstate my not guilty plea, and set the case for trial</u>.

"The Supreme Court has recognized that the government's breach of the parties' plea agreement is 'undoubtedly a violation of the defendant's rights.'" <u>United States v. Whitney</u>, 673 F.3d 965, 970 (9th Cir. 2012) (quoting <u>Puckett v. United States</u>, 556 U.S. 129, 129 (2009)). "When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." <u>United States v. Mondragon</u>, 228 F.3d 978, 980 (9th Cir. 2000). "[T]he government may breach its obligations under its plea agreement by complying with the explicit terms of the agreement in such a way that renders its promises illusory." <u>Whitney</u>, 673 F.3d at 972 (quoting <u>United States v. Franco-Lopez</u>, 312 F.3d 984, 992 (9th Cir. 2002)).

The government violated the terms of my plea agreement by failing to take steps to have me transferred to federal prison. The prosecutor's promise to ensure that I would be transferred to federal prison before I serve the rest of my state sentence is illusory. The prosecutor's agreements in the plea agreement, and his assurances in court that had been relayed to my attorneys, are the reasons I pled guilty—that is, to be transferred to federal prison. Because the government violated the terms of my plea agreement by failing to have me transferred to

2

federal prison to serve my sentence, the Court should vacate my guilty plea, reinstate my not guilty plea, and set the case for trial.

III.   Conclusion

For these reasons, the Court grant my 2255 motion and should vacate my guilty plea, reinstate my not guilty plea, and set the case for trial.

I declare under penalty of perjury that the facts set forth above are true and correct.

Dated: 7/2/24

_Brant Daniel_
BRANT DANIEL

3

1
               UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF CALIFORNIA

2

UNITED STATES OF AMERICA,   ) Docket No. 2:19-CR-00107-KJM-5

3
                   )
           Plaintiff,  ) Sacramento, California

4
                   ) December 20, 2023, 9:43 a.m.
         v.       )

5
                   )
RONALD DEAN YANDELL, also  ) Re: Change of Plea and

6
known as Renegade, et al.,  ) Sentencing as to Brant Daniel
                   )

7
         Defendants.  )

8
               TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE KIMBERLY J. MUELLER

9
        UNITED STATES CHIEF DISTRICT JUDGE
APPEARANCES:

10
For the Plaintiff:     UNITED STATES DEPARTMENT OF JUSTICE by
                  MR. JASON HITT,

11
                  ASSISTANT U.S. ATTORNEY
                  MR. DAVID SPENCER,

12
                  ASSISTANT U.S. ATTORNEY
                  MR. ROSS PEARSON,

13
                  ASSISTANT U.S. ATTORNEY
                  501 I Street, Suite 10-100

14
                  Sacramento, California 95814

15
For the Defendant     LAW OFFICE OF JOHN P. BALAZS by
Brant Daniel:        MR. JOHN PAUL BALAZS

16
                  916 2nd Street, Suite F
                  Sacramento, California 95814

17

                  LAW OFFICE OF TIMOTHY E. WARRINER by

18
                  MR. TIMOTHY E. WARRINER
                  331 J Street, Suite 200

19
                  Sacramento, California 95814

20
Also Present:        Julie Basabe, Probation Officer

21
           MARYANN VALENOTI, RMR, CRR
             Official Court Reporter

22
           501 I Street, Suite 4-200
             Sacramento, CA 95814

23
           MValenotiRMRCRR@gmail.com
              (916)930-4275

24
Proceedings reported via mechanical steno - transcript produced
via computer-aided transcription

25

                ROUGH DRAFT - UNCERTIFIED

1          SACRAMENTO, CALIFORNIA, WEDNESDAY, DECEMBER 20, 2023

2                                  --o0o--

3          (In open court.)

4              THE CLERK:  As you are able, all rise.  Court is now

5     in session.  Chief Judge Kimberly J. Mueller Chief Judge now

6     presiding.

7              Thank you, you may be seated.

8              Calling criminal case 19-107, United States versus

9     Brant Daniel.  This is on for change of plea.

10             THE COURT:  Good morning.  Appearances, please, for

11    the Government.

12             MR. HITT:  Good morning, Your Honor.  Jason Hitt, Ross

13    Pearson and David Spencer on behalf of the United States.

14             THE COURT:  Good morning to all of you.

15             MR. BALAZS:  Good morning, Your Honor.  John Balazs

16    and Tim Warriner on behalf of the defendant, Brant Daniel, who

17    is present in custody.

18             THE COURT:  All right.  Good morning to all of you.

19             THE DEFENDANT:  Good morning.

20             THE COURT:  You are comfortable staying there, Mr.

21    Hitt?

22             MR. HITT:  Yes, Your Honor, I would prefer to.

23             THE COURT:  Are you taking the lead on the plea?

24             MR. HITT:  Yes, Your Honor.

25             THE COURT:  All right.  I do understand that Mr.

                         ROUGH DRAFT - UNCERTIFIED

1    Daniel does wish to enter a plea of guilty at this point.

2              MR. BALAZS:  Yes, Your Honor.

3              THE COURT:  Mr. Daniel, do you confirm as much?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  All right.  I have received a copy of a

6    plea agreement with a Factual Basis assigned.  So the

7    government has the original?

8              MR. HITT:  Yes, Your Honor.

9              THE COURT:  All right.  You may retain that.

10             MR. HITT:  Yes, Your Honor.

11             THE COURT:  Because I have a copy with all the

12   signatures showing.  I do understand your request to proceed to

13   sentencing.  Immediately a probation officer available for that

14   purpose.  We'll cross that bridge when we get there.  Okay.

15             All right.  Anything else I need to know before I

16   proceed, Mr. Balazs?

17             MR. BALAZS:  No, Your Honor.

18             THE COURT:  All right.  Mr. Daniel, before I do accept

19   your plea, if that's what I do, I need to ask you quite a few

20   questions.

21             THE DEFENDANT:  Okay.

22             THE COURT:  If at any point you don't understand the

23   question or for any reason whatsoever you wish to take a break,

24   to think twice about what you are doing, consult with one or

25   both of your attorneys, really for any reason whatsoever,

ROUGH DRAFT - UNCERTIFIED

1    please let me know because it is essential that you understand

2    everything that's happening here today and that before you

3    answer a question, you feel confident in your answer; do you

4    understand all of that?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  All right.  Ms. Schultz, could you please

7    swear Mr. Daniel.

8              Defendant, sworn.

9              THE COURT:  Mr. Daniel, now that you've been sworn, do

10   you understand that your answers to my questions could be used

11   against you in a prosecution for perjury or making a false

12   statement if you do not answer me truthfully?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  And you do understand that your plea is

15   being offered subject to a written plea agreement here today?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  You had a chance to fully review that

18   agreement and consider its contents before you signed it?

19             THE DEFENDANT:  Yes.

20             THE COURT:  We'll get into the details in just a

21   moment.  First what is your full and true name for the record.

22             THE DEFENDANT:  Brant Quentin Daniel.

23             THE COURT:  How do you spell your middle name?

24             THE DEFENDANT:  Q-U-E-N-T-I-N.

25             THE COURT:  How old are you?

1          THE DEFENDANT:  Forty-nine.

2          THE COURT:  How many years of school have you

3     completed?

4          THE DEFENDANT:  Twelve.

5          THE COURT:  And what is your occupation when you're

6     working and not in custody?

7          THE DEFENDANT:  I can't even remember.

8          THE COURT:  Have you ever been treated for any mental

9     illness or psychiatric condition?

10          THE DEFENDANT:  No, ma'am.

11          THE COURT:  Have you been treated for substance abuse,

12     drugs or alcohol abuse?

13          THE DEFENDANT:  No, ma'am.

14          THE COURT:  Have you consumed any prescription

15     medication in the last 24 hours?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  Is there anything about that medication

18     that affects your ability to understand what is going on around

19     you?

20          THE DEFENDANT:  Sometimes, but as of now, I've been on

21     it for a long time, I'm kind of accustomed to it by now.

22          THE COURT:  All right.  Anything to add to the record

23     on this, Mr. Balazs or Mr. Warriner?

24          MR. BALAZS:  No.

25          MR. WARRINER:  No.

1               THE COURT:  Any questions, Mr. Hitt?

2               MR. HITT:  No, Your Honor.

3               THE COURT:  All right.  If at any point during this

4  proceeding you feel as if you are not following, let me know.

5               THE DEFENDANT:  Okay.

6               THE COURT:  So far it does appear you are following

7  perfectly well.

8               THE DEFENDANT:  I got you.

9               THE COURT:  I'll let you know if I have any questions.

10  Just so it's clear, have you consumed any other drugs or

11  alcohol in the last 24 hours?

12              THE DEFENDANT:  No, ma'am.

13              THE COURT:  Did you receive a copy of the indictment

14  in this case, and at this point it's a superseding indictment

15  filed on December 8, correct?

16              THE DEFENDANT:  I did.

17              THE COURT:  That's the right one that we're

18  referencing?

19              MR. BALAZS:  Yes, superseding indictment.

20              THE COURT:  Agreed, Mr. Hitt?

21              MR. HITT:  Yes, Your Honor.

22              THE COURT:  All right.  So you had a chance to fully

23  review that superseding indictment and consider all of the

24  charges against you in that document?

25              THE DEFENDANT:  I did.

1    THE COURT:  Did you have a chance to consider all of

2    your possible responses to the charges against you, in

3    particular the charge in Count 17?

4    THE DEFENDANT:  I did.

5    THE COURT:  That was in consultation with your

6    attorneys?

7    MR. BALAZS:  Yes, ma'am.

8    THE COURT:  Are you fully satisfied with the advice,

9    counsel and representation that Mr. Balazs and Mr. Warriner

10   have given you in this case?

11   THE DEFENDANT:  I am.

12   THE COURT:  You understand that they've had

13   discussions with the prosecutors, including Mr. Hitt, regarding

14   your decision to enter a plea of guilty?

15   THE DEFENDANT:  Yes, I am.

16   THE COURT:  Do you believe Mr. Balazs and Mr. Warriner

17   have told you everything you need to know about the attorneys'

18   discussions?

19   THE DEFENDANT:  I do.

20   THE COURT:  Most importantly, are you telling me you

21   wish to plead guilty to Count 17 because you've decided that's

22   what you want to do on your own voluntarily?

23   THE DEFENDANT:  Yes, ma'am.

24   THE COURT:  All right.  I'm going to ask Mr. Hitt to

25   summarize the terms of the plea.  Please listen carefully

1    because I'll ask you if this is an accurate summary.

2             THE DEFENDANT:  Okay.

3             THE COURT:  Mr. Hitt.

4             MR. HITT:  Thank you, Your Honor.  Under the terms of

5    the agreement Mr. Daniel will plead guilty to Count 17 of the

6    superseding indictment, that charges Mr. Daniel with violation

7    of 18 U.S.C. Code Section 1959(a)(1), murder in aid of

8    racketeering.  In the agreement the defendant gives up

9    important rights, this includes his right to appeal the guilty

10   plea, conviction and sentence, and he agrees not to file a

11   collateral attack or a later challenge to the guilty plea,

12   conviction or sentence that includes any motion under 28 United

13   States Code Sections 2255 or 2241.

14             In exchange for Mr. Daniel's plea, the United States

15   agrees to do the following:  It will move to dismiss the RICO

16   conspiracy count charged in Count 1 against Mr. Daniel at the

17   time of his sentencing.  It will agree to seek imprisonment for

18   the defendant in the Federal Bureau of Prisons for the rest of

19   his life and request that the BOP accept a jurisdictional shift

20   from the State of California despite his undischarged

21   California prison sentence.

22             The government will recommend that the defendant be

23   sentenced to life, which he understands is the mandatory

24   sentence in this case, and the parties have reached two

25   important agreements in the plea agreement:

ROUGH DRAFT - UNCERTIFIED

1          The parties agree that the mandatory minimum sentence

2     on Count 17 eliminates any basis to argue for a departure from

3     the sentencing guidelines, and the parties have agreed that no

4     further restitution is required in this case because Mr. Daniel

5     has already been ordered to pay and has satisfied restitution

6     order for the same conduct after pleading guilty in Monterey

7     County Superior Court.

8          THE COURT:  All right.  Mr. Daniel, does that

9     accurately summarize your agreement with the government as you

10    understand it?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Has anyone made any other promises or

13    different promises to you to get you to plead guilty here

14    today?

15         THE DEFENDANT:  No, ma'am.

16         THE COURT:  Has anyone threatened you, a family member

17    or close friend, in order to get you to plead guilty?

18         THE DEFENDANT:  No, ma'am.

19         THE COURT:  You are currently serving also a state

20    sentence.

21         THE DEFENDANT:  Right.

22         THE COURT:  Are there any consequences of a plea here

23    today for that state sentence, Mr. Balazs; Mr. Warriner?

24         MR. BALAZS:  Your Honor, only what Mr. Hitt said is

25    that part of the plea agreement the government has agreed to

1   request from the CDCR to accept the jurisdictional shift so

2   that Mr. Daniel would serve his sentence in federal court

3   before any kind of remainder of the state sentence.

4           THE COURT:  Understood.  We'll get to that and the

5   mechanics of that, but at this point there is no guaranty that

6   that happens.

7           MR. BALAZS:  There's no guaranty, that is correct.

8           THE COURT:  Mr. Daniel, you understand there's no

9   guaranty?

10          THE DEFENDANT:  Right.

11          THE COURT:  All right.  But there's otherwise no other

12  possible modification, revocation of any terms.  So, I normally

13  would give an advisement about if you're on parole or

14  probation, but there's no other consequence here.

15          MR. BALAZS:  Correct.

16          THE COURT:  All right.  This is a question I ask

17  everyone, Mr. Daniel, because I can't make assumptions just

18  based on seeing you here, having seen you in Court all these

19  many months.  If you're not a citizen, do you understand that a

20  plea of guilty can effect citizenship status resulting in

21  denial of naturalization, exclusion from this country or

22  deportation?

23          THE DEFENDANT:  I do.

24          THE COURT:  In terms of the penalties, Mr. Hitt has

25  reviewed those, they appear in the agreement, but just so it's

ROUGH DRAFT - UNCERTIFIED

1    clear, the maximum sentence under the statute that applies to
2    Count 17, in fact, has a mandatory minimum sentence of life.
3    There is a fine of up to $250,000. It's possible the Court
4    could impose incarceration and fine. A period of supervised
5    release of up to five years. No mandatory minimum on          .
6    supervised release, agreed, Mr. Hitt?

7              MR. HITT: Yes, Your Honor.

8              THE COURT: Mr. Balazs, Mr. Warriner?

9              MR. BALAZS: Yes, Your Honor.

10             MR. WARRINER: Yes.

11             THE COURT: And a special assessment of $100. Do you
12   understand those are the penalties and the assessment
13   applicable to Count 17?

14             THE DEFENDANT: Yes, ma'am.

15             THE COURT: Supervised release is what we call the
16   period of time following a period of incarceration. It appears
17   that it would not kick in here, but just in case, because it is
18   a part of the statutory penalty, supervised release is with
19   conditions imposed by the Court and supervision by a probation
20   officer. Any violation can result in the person being returned
21   to prison to serve additional time. In this case if you are
22   ever on supervised release and revoked, you could be facing up
23   to an additional five years in prison; do you understand that?

24             THE DEFENDANT: Yes.

25             THE COURT: Mr. Hitt reviewed that even though

1   restitution would be possible here, the government is not

2   seeking it because it's been resolved in the state case, in the

3   Monterey county court; do you understand that?

4              THE DEFENDANT:  I do.

5              THE COURT:  Mr. Balazs and Mr. Warriner, you agree no

6   further restitution?

7              MR. BALAZS:  Yes, Your Honor.

8              THE COURT:  Any forfeiture, Mr. Hitt?

9              MR. HITT:  No, Your Honor.

10             THE COURT:  Agreed, Mr. Balazs?

11             MR. BALAZS:  Yes, Your Honor.

12             THE COURT:  Mr. Daniel, at this point do you have any

13  question about possible consequences in the plea of guilty to

14  Count 17?

15             THE DEFENDANT:  No, ma'am.

16             THE COURT:  I want to talk very briefly about

17  sentencing.  We are going to return to sentencing.

18             If I accept your plea, it's governed by federal law.

19  There are -- typically, there's a requirement of the

20  preparation of a presentence report by probation, some time for

21  you to review that, to file informal objections and then formal

22  objection.  Ultimately sentencing is something the Court does,

23  and I exercise my independent authority in doing that.  Mr.

24  Hitt has reviewed how it appears the guidelines apply here.

25  Normally, I would think about whether or not there is a

1   departure to go above or below a sentence. That route doesn't

2   appear to be available here. But I do also -- in thinking

3   about any sentence to the extent allowed by law, I think about

4   sentencing factors that the Congress has required me to

5   consider. Again, it appears I'm bound by a mandatory minimum

6   here of life, but there is a process the Court normally goes

7   through in getting to the appropriate sentence. Do you

8   understand that?

9          THE DEFENDANT: Yes, ma'am.

10         THE COURT: Here I understand you are seeking to waive

11   the right to a full presentence report.

12         THE DEFENDANT: That's right.

13         THE COURT: And we'll return to that again if I do

14   accept your plea.

15         Typically without the kind of agreement you are

16   presenting to the Court, you would have the right to appeal

17   your guilty plea, conviction and sentence. But in this

18   agreement, you are agreeing to fully give up your right to

19   appeal any aspect of your case; do you understand that?

20         THE DEFENDANT: Yes, I do.

21         THE COURT: Also, typically without the kinds of

22   agreement you are presenting to the Court, you would have the

23   right following sentencing to file a motion seeking to vacate

24   your guilty plea, conviction or sentence, or to reduce your

25   sentence based on constitutional grounds bringing what we call

1    a collateral attack.  But here you are also giving up that

2    right in full, at least to the full extent that you can; do you

3    understand that?

4             THE DEFENDANT:  I do.

5             THE COURT:  Do you understand the totality of your

6    agreement means that if I impose a sentence you don't like,

7    that won't be a reason for to you come back and withdraw your

8    guilty plea if I accept it first.

9             THE DEFENDANT:  Right.

10            THE COURT:  Any questions about that?

11            THE DEFENDANT:  No, ma'am.

12            THE COURT:  I do want to make certain you're perfectly

13   clear about your constitutional rights.

14            You, of course, have the right to stand by the not

15   guilty plea you've previously entered.  Did Mr. Daniel already

16   enter that in response to the superseding?

17            MR. BALAZS:  Enter a not guilty plea?

18            THE COURT:  Yes.

19            MR. BALAZS:  Yes.

20            THE COURT:  All right.  That's right.  It's

21   December 8, 2022.  So you could stand on that not guilty plea.

22            THE DEFENDANT:  That's okay.

23            THE COURT:  If you did that, you could go to a full

24   jury trial with Mr. Balazs and Mr. Warriner as attorneys.  I've

25   retained them in the case under the current circumstances, and

1  you could help them in selecting your jury.  Do you understand

2  all of that?

3       THE DEFENDANT:  I do.

4       THE COURT:  At a jury trial you could see, hear and

5  question the government's witnesses against you through your

6  attorneys, and you could object to any evidence the government

7  tries to introduce through witnesses or documents.  Do you

8  understand that right?

9       THE DEFENDANT:  Yes.

10      THE COURT:  At a trial you could take the stand and

11 testify in your own defense, but you also could remain silent.

12 If you remain silent the government could not argue an

13 inference of your guilt based on your silence.  Do you

14 understand that essential right?

15      THE DEFENDANT:  Yes.

16      THE COURT:  If you went to trial you could seek

17 subpoenas, formal documents, to compel the testimony of any

18 person you might want to call in a case in defense.  Do you

19 understand that right?

20      THE DEFENDANT:  Yes.

21      THE COURT:  If you went to trial you of course would

22 have the right to insist that the government prove you guilty

23 beyond a reasonable doubt and by competent evidence; do you

24 understand that right?

25      THE DEFENDANT:  Yes.

1       THE COURT:  If you do go forward in a few moments and
2    enter a formal plea of guilty --

3       Mr. Novak, Mr. Novak, your whispering is audible.  So
4    if you got to talk, take it outside.

5       I wanted to return to your constitutional right.  If
6    you do go forward in a few moments and enter a formal plea of
7    guilty, you will no longer be presumed innocent of the charge
8    in Count 17 as you still are in the eyes of the Court because
9    you will be telling me that you are, in fact, guilty of that
10   charge.  Do you understand that presumption of innocence that
11   applies?

12      THE DEFENDANT:  I do.

13      THE COURT:  And with all of these understandings, do
14   you want to go forward in a few moments and enter a formal plea
15   of guilty to Count 17?

16      THE DEFENDANT:  Yes, ma'am.

17      THE COURT:  Before I ask you that final question, I
18   need to make certain you understand each of the elements the
19   government would have to prove beyond a reasonable doubt.  Mr.
20   Hitt, could you please review those?

21      MR. HITT:  Yes, Your Honor, to prove the charge in
22   Count 17 of the superseding indictment, murder in aid of
23   racketeering in violation of Title 18, United States Code
24   Section 1959(a)(1), the government must prove the following
25   beyond a reasonable doubt:

1          First, on or about October 29, 2016, an enterprise

2    affecting interstate commerce existed.

3          Second, the charged enterprise, the Aryan Brotherhood,

4    engaged in a pattern of racketeering activity.

5          Third, the defendant intentionally committed or aided

6    and abetted in murder in violation of California law as defined

7    further below.

8          And fourth, that the defendant's purpose in committing

9    the murder was to gain entrance to or to maintain or to

10    increase his position in the enterprise.

11          To prove that Mr. Daniel committed murder, the

12    government must further prove beyond a reasonable doubt the

13    following:

14          First, Mr. Daniel committed an act that caused the

15    death of Zachary Scott, and second, when the defendant acted,

16    he had a state of mind called "malice of forethought" that is

17    further defined on Page 6 of the plea agreement.

18          THE COURT:  Mr. Daniel, do you understand those are

19    the elements, each one of them, the government would have to

20    prove beyond a reasonable doubt if you went to trial?

21          THE DEFENDANT:  I do.

22          THE COURT:  Again, you've had a chance to review the

23    plea agreement and the definition of key words in those

24    elements?

25          THE DEFENDANT:  I have.

1      THE COURT:  I also need to determine if you are
2   admitting to facts that support each of those elements.  There
3   is attached to that plea agreement the Factual Basis, Exhibit
4   A, it runs for almost three pages, single spaced.  I could ask
5   Mr. Hitt to read that into the record, or you could rely on the
6   written document.  The key is you have clearly in mind all of
7   it as you stand here today.  Before I ask you a question about
8   it, Mr. Balazs, do you know what Mr. Daniel would request?
9      MR. BALAZS:  We would waive a full reading of it.
10      THE COURT:  All right.  That's acceptable, Mr. Hitt?
11      MR. HITT:  Yes, Your Honor.
12      THE COURT:  So, Mr. Daniel, I'm looking at the Factual
13   Basis, do you know what I'm referring to when I talk about the
14   "Factual Basis"?
15      THE DEFENDANT:  I do.
16      THE COURT:  And do you agree to rely on the written
17   Factual Basis here today?
18      THE DEFENDANT:  I do.
19      THE COURT:  Do you have clearly in mind everything the
20   Factual Basis says as you stand here now?
21      THE DEFENDANT:  I do.
22      THE COURT:  Does the Factual Basis accurately set
23   forth what happened and what you did?
24      THE DEFENDANT:  It does.
25      THE COURT:  All right.  Mr. Daniel, how then do you

ROUGH DRAFT - UNCERTIFIED

1   plead to the charge in Count 17 of the superseding indictment,

2   violation of 18 U.S. Code Section 1959(a)(1) and (2), murder in

3   aid of racketeering, guilty or not guilty?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  Having had this exchange with Mr. Daniel,

6   listened carefully to his answers, observed his demeanor

7   throughout, I do find he's fully competent and capable of

8   entering an informed plea.

9          I find that his plea is knowing and voluntary.  It is

10  supported by an independent basis of fact and the facts he's

11  just admitted to, and the Factual Basis do support each of the

12  essential elements of the charged offense.  Therefore, I do

13  accept his plea of guilty and hereby adjudge him guilty of the

14  offense charged in Count 17 of the superseding indictment filed

15  in this case on December 8 of 2022.

16         So the request now is to proceed immediately to

17  sentencing.

18         MR. BALAZS:  Yes, Your Honor.

19         THE COURT:  All right.  For the record, Probation is

20  represented this morning.

21         PROBATION OFFICER:  Hello, Your Honor.  Julie Basabe

22  with Probation.

23         THE COURT:  Good morning, Officer Basabe.  The Court

24  did receive a summary, a statement regarding guidelines, and

25  also received some additional information about the custodial

1    provision, the Government's agreement to seek custody in BOP.

2    Has counsel seen -- have all counsel seen the summary from

3    probation?

4            MR. BALAZS:  I don't think so, no.

5            THE COURT:  Ms. Schultz, do we have a copy of that?

6            THE CLERK:  I could print one, Your Honor.

7            THE COURT:  Mr. Hitt, have you seen that?

8            MR. HITT:  I haven't, no.

9            THE COURT:  It's not a presentence report.  So for the

10   record, Mr. Daniel is officially waiving his right to a

11   presentence report.

12           MR. BALAZS:  Correct, Your Honor.

13           THE COURT:  All right.  Is there more I need to advise

14   him regarding that report?

15           MR. BALAZS:  I don't think so.

16           THE COURT:  All right -- yes, Mr. Warriner.

17           MR. WARRINER:  I want to say something regarding the

18   report.  I did provide to the probation officer a summary of

19   Mr. Daniel's medical issues and medications because that is

20   something that is typically part of the PSR.  My request to the

21   probation office was that that be essentially attached to their

22   other materials and given to the Court.  Our concern is that

23   that just be given to BOP as typically a PSR is so that the BOP

24   has all the information they need to take care of Mr. Daniel

25   and make sure he has no bad reaction and gets his medication.

ROUGH DRAFT - UNCERTIFIED

1          THE COURT:  All right.  You provided that to

2    probation?

3          MR. WARRINER:  I did provide that to Probation.  I

4    have a copy here.

5          PROBATION OFFICER:  I am in receipt of those

6    documents, and if the Court permits me to do so, I will provide

7    that information no BOP.

8          THE COURT:  The Court would not only permit, but I

9    would order it so it's perfectly clear.

10         PROBATION OFFICER:  I understand.

11         MR. BALAZS:  Right.

12         THE COURT:  What I have from Probation, it's captioned

13   as "Sentencing Information Only," and Ms. Schultz is bringing

14   you a copy.  It identifies Count 17, identifies the total

15   offense level of 40, criminal history category as II.  I'll

16   give you one moment to review it, all of you.

17         MR. BALAZS:  Your Honor, we've viewed the Sentencing

18   Information with our client, and he understands it, and we

19   understand we're willing to proceed now if the Court permits to

20   immediate sentencing.

21         I'll also inform the Court that we had previously

22   given Mr. Daniel a copy of the Standard Conditions of the

23   superseding and have reviewed that as well.

24         THE COURT:  All right.  Mr. Hitt?

25         MR. HITT:  Yes, Your Honor, I reviewed it.  It looks

1   acceptable.  I join the request with defense to append or

2   attach the medical records to the Sentencing Information

3   document, and I would also ask on the institutional

4   recommendation for maximum flexibility, that the Court

5   essentially leave the recommendation to the Bureau of Prisons

6   as part of our obligation to try and place him in BOP.  I'm

7   concerned if there is a specific state or location, that might

8   hamper efforts to facilitate his placement.

9        MR. BALAZS:  Your Honor, our request would be to

10  maintain the recommendation as set forth in this sentencing

11  paper.  We understand that it's not binding on the Bureau of

12  Prisons.  They're going to look at security classification,

13  space availability.

14        Mr. Daniel does have his wife and his mother and

15  family members in the State of California, and I think it's

16  appropriate that recommendation in light of his family

17  circumstances.

18        THE COURT:  All right, I understand those respective

19  requests, and I'll address that if and when I get there.

20        Now, the other thing is that the probation office,

21  specifically Officer Moore, checked with BOP given the parties'

22  agreement.  My understanding is the parties are not asking the

23  Court to order anything with respect to BOP placement.  It's

24  the government that is disagreeing to seek to arrange for that

25  transfer as promptly as possible, I gather.

1          MR. HITT:  Yes, Your Honor.  It's sort of a

2    behind-the-scenes process between the two sovereigns, and I

3    have put a lot of work in before we ever got here to try and

4    secure a transfer of what they call a jurisdictional shift, and

5    I'm going to promptly upon sentencing initiate the proceeding

6    to go make sure that we get that accomplished.

7          THE COURT:  All right.  That's what I understood.  I'm

8    just going to read to you the e-mail message sent to our

9    probation office so that you hear it.  I think it's consistent

10   with everything Mr. Hitt just said, but I want to make certain

11   everyone knows what I have reviewed.  This came in late

12   afternoon yesterday.

13         This is from Dominic Ayott, Deputy Regional Counsel,

14   Federal Bureau of Prisons, Western Regional Office in Stockton:

15         "We absolutely do not accept unilateral jurisdiction

16   shifts between sovereigns and certainly not at the direction of

17   the Court.  A shift of primary jurisdiction is between two

18   sovereigns, and the Court lacks authority to order this to be

19   so.

20         "I don't know how this has been worked so far, but

21   this is not something the BOP agrees to, and I do not believe

22   the U.S. Attorney's Office or a local prosecutor can do this

23   either.

24         "Typically, any such shift is at the request of the

25   California Department of Corrections, and it's ultimately

ROUGH DRAFT - UNCERTIFIED

1   decided by the Deputy Attorney General."

2          So, again, I believe that's consistent with what Mr.
3   Hitt just articulated, but anything to say based on that
4   message?

5          The Court would not plan to make any recommendation
6   here.  I have some questions about any writ, a federal writ
7   that's in effect right now, but first, any question or comment
8   based on that message from BOP's regional counsel?

9          MR. HITT:  No, Your Honor.  I was aware that that's
10   their position, and I have taken steps from before this case
11   was initiated to in my mind make the best and securest path to
12   getting an exception that BOP has.  The regional counsel's
13   position is well known to me.  It's one that I've discussed
14   with him many times.  Understand that I've taking steps that I
15   believe we will be successful.

16          MR. BALAZS:  Yes, Your Honor, and I think you are
17   correct that we are not asking the Court to order anything, and
18   we have had discussions with the prosecutors about their effort
19   to making this jurisdictional shift, and what they have done,
20   even before indictment, to kind of work to make sure that gets
21   happened and we are willing to move forward.

22          THE COURT:  So with all of this understanding made a
23   matter of record, Mr. Daniel continues to request to proceed to
24   sentencing immediately, correct?

25          THE DEFENDANT:  Yes.

ROUGH DRAFT - UNCERTIFIED

1          MR. BALAZS:  Yes.

2          THE COURT:  All right.  So then the Court's other

3   question is:  Is Mr. Daniel is here based on a writ ad

4   prosequendum?

5          MR. HITT:  Yes, Your Honor.

6          THE COURT:  Does that automatically dissolve upon

7   sentencing?

8          MR. HITT:  In this particular case the wording of the

9   writ that was issued for each of the defendants, it does not

10  end under the terms of the order until service of sentence in

11  this case.

12         THE COURT:  Service of?

13         MR. HITT:  Yes.  Which is different than what -- the

14  Court did the normal, and that was intentional.

15         THE COURT:  So Mr. Daniel would remain in federal

16  custody?

17         MR. HITT:  Pursuant to the terms of the writ.  Now,

18  regional counsel has its view, but I think the reason the whole

19  writ was written that way is another layer of protection to

20  make sure that the right outcome is achieved.

21         THE COURT:  Understood.  Mr. Balazs, Mr. Warriner?

22         MR. BALAZS:  Yes, Your Honor.

23         MR. WARRINER:  Yes, Your Honor.

24         THE COURT:  Any need to further advise your client on

25  that point?

1          MR. BALAZS:  No, Your Honor.

2          THE COURT:  All right.  So do the parties agree that

3     the guidelines, information in the Sentencing Information Only

4     document from Probation is correct, Mr. Hitt?

5          MR. HITT:  Yes, Your Honor.

6          THE COURT:  Mr. Balazs, Mr. Warriner?

7          MR. BALAZS:  Yes, Your Honor.

8          THE COURT:  All right.  I'm prepared to find the

9     criminal history and total offense as set forth in that

10    document and find the range is 324 to 405 months, but with the

11    statutory minimum of life, that becomes the guideline.  No

12    objection to any of the Proposed Standard or Special

13    Conditions?

14         MR. BALAZS:  No, Your Honor.

15         THE COURT:  Mr. Hitt?

16         MR. HITT:  No, Your Honor.

17         THE COURT:  Any further argument regarding sentencing

18    from the government?

19         MR. HITT:  No, Your Honor.  Thank you.

20         THE COURT:  Mr. Balazs, Mr. Warriner?

21         MR. BALAZS:  No, Your Honor.

22         MR. WARRINER:  No.

23         THE COURT:  Mr. Daniel, you do have the right to

24    address the Court before I make a final decision before I

25    finally impose sentence; is there anything you would like to

1   say for the record here today?

2   　　　　　THE DEFENDANT:  No, ma'am.

3   　　　　　THE COURT:  All right.  Then, again, I'm finding the

4   information in the Sentencing Information filing is correct,

5   the statutory minimum is life.  I do feel I have sufficient

6   information in the record, the totality of the record to

7   exercise my sentencing authority here today, and I grant Mr.

8   Daniel's request for immediate sentencing.

9   　　　　　It is the Court's judgment that the Defendant Brant

10   Daniel is hereby committed to the custody of the Federal Bureau

11   of Prisons to be in prison for a term of life.  This sentence

12   is to run concurrent with the sentence imposed in Monterey

13   County Superior Court, Docket Number SS-170099A.

14   　　　　　Mr. Daniel, you must pay a special assessment of $100,

15   that payment is due immediately.

16   　　　　　I find you do not have the ability to pay a fine,

17   imposition of a fine is waived, and the restitution is not

18   owing here.

19   　　　　　If you are ever released from imprisonment, which the

20   Court does not expect, you will then be placed on supervised

21   release for a term of 60 months.

22   　　　　　Within 72 hours of release, any release, from the

23   custody of the Bureau of Prisons, you must report in person to

24   the probation office in the district to which you are released.

25   　　　　　While on any supervised release, you must not commit

1   another federal, state, or local crime and shall not illegally
2   possess controlled substances.

3          You must cooperate in the collection of dna as
4   directed by probation, and you shall comply with the Standard
5   Conditions recommended by the U.S. Sentencing Commission.  I am
6   adopting those; those are Conditions 1 through 13.  I
7   understand you've reviewed them.

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  They're imposed as written.

10          Further, you must refrain from any unlawful use of a
11   controlled substance.  You must submit to one drug test within
12   15 days of release and to at least two tests thereafter, not to
13   exceed four per month.  I am also adopting a Special Conditions
14   that probation recommended.  You had a chance to review those
15   now, those are Conditions 1 through 3.  Again, if you are ever
16   released, they are imposed as terms of your release.

17          Have you considered the request for a specific
18   location?  I think the better course is not to make a specific
19   recommendation here.  Counsel, of course, can do whatever it
20   wants to in providing information to BOP, to the government
21   regarding the specific location of family members.

22          I acknowledge Mr. Daniel has family in which he
23   communicates with and wants to remain in touch with.

24          It does appear, Mr. Daniel, you've waived the right to
25   appeal the sentence I've just imposed.  However, if you do wish

ROUGH DRAFT - UNCERTIFIED

1    to appeal, you must file a Notice of Appeal within 14 days of

2    today's date.  If you cannot afford counsel on appeal, the

3    Court will appoint counsel for you.

4         The government is dismissing a count?

5         MR. HITT:  Yes, Your Honor.  The United States moves

6    to dismiss Count 1 of the indictment against Mr. Daniel at this

7    time.

8         THE COURT:  That motion is granted.

9         Can we now vacate all previously set hearings and

10   deadlines as to Defendant Daniel, Mr. Hitt?

11        MR. HITT:  That would be the Government's request.

12        THE COURT:  Mr. Balazs, Mr. Warriner?

13        MR. WARRINER:  We do have a motion for medical care

14   that is pending still.

15        THE COURT:  I did check with Judge Peterson.  I'm

16   supposed to be getting some findings, recommendations this week

17   yet.  It's not mooted.

18        MR. BALAZS:  I don't think it is mooted.

19        THE COURT:  Well, again, I expect to get findings and

20   recommendations soon, that will trigger an objection period.

21   Apart from that, noting that motion remains alive, can every

22   other hearing and deadline as to Mr. Daniel be vacated?

23        MR. BALAZS:  Yes, Your Honor.

24        THE COURT:  All right.  That's the order.  Anything

25   else today?

1          MR. BALAZS:  Just maybe -- just out of abundance of

2    caution, is it clear that the Court ordered our summary of

3    medical conditions to be appended to the information that the

4    probation officer provides to Bureau of Prisons?

5          THE COURT:  I think it is.  I'll say it again, I did

6    order that.  I think you heard it, Officer Basabe, correct, as

7    an order?

8          PROBATION OFFICER:  That is correct.

9          THE COURT:  All right.  I believe we are concluded

10   with this matter now.

11         MR. BALAZS:  Thank you.

12         THE COURT:  I'm going to take a brief recess to get

13   set up for the next matter.

14      (Proceedings concluded 10:18 a.m.)

15

16                    C E R T I F I C A T E

17

18      I certify that the foregoing is a true and correct

19   transcript of proceedings in the above-entitled matter.

20

21   _____              April 1, 2024

22   MARYANN VALENOTI, RMR, CRR                  DATE
     Official Court Reporter
23   CA CSR #11266

24

25


                         ROUGH DRAFT - UNCERTIFIED

AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** **You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**