UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-0107 TLN AC |
| Respondent, | |
| v. | ORDER TO SHOW CAUSE |
| BRANT Q. DANIEL, | |
| Movant. | |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  ECF No. 2857.

I.    Factual and Procedural Background

On December 20, 2023, movant pled guilty to one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1).  ECF Nos. 1765, 1766.  The same day, he was sentenced to life in prison and judgment was entered on January 2, 2024.[1]  ECF Nos. 1766, 1780.  Movant did not file a notice of appeal.  On July 2, 2024, movant filed a pro se § 2255 motion which he later withdrew through appointed counsel on May 21, 2025.  ECF Nos. 2391, 2768.  The present § 2255 motion was filed on March 10, 2026.  ECF No. 2857.

_____

[1]  Movant is afforded the benefit of the prison mailbox rule for any filings made while proceeding pro se.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

II.    Motion to Vacate, Set Aside, or Correct Sentence

Movant challenges the validity of his guilty plea, arguing that at the time he pled guilty he was under duress and incompetent due to being in severe pain and heavily medicated.  ECF No. 2857.

III.    Statute of Limitations

A.  Legal Standard

Rule 4 of the Rules Governing § 2255 Proceedings requires the court to summarily dismiss a motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

> When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground.  Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).  However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond."  Id. at 1043; see also Day v. McDonough, 547 U.S. 198, 210 (2006).  For a pro se petitioner . . . , the court must make clear the grounds for dismissal and the consequences of failing to respond.  Herbst, 260 F.3d at 1043 (citing Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012); United States v. Jamison, 787 F. App'x 975, 975-76 (9th Cir. 2019) ("the district court did not abuse its discretion by sua sponte considering the timeliness of the [§ 2255] motion" (citing Day, 547 U.S. at 202, 207-11)).

There is a one-year statute of limitation for a motion filed under 28 U.S.C. § 2255.  The clock begins to run from one of several alternative triggering dates.  28 U.S.C. § 2255(f).  In most cases, the applicable date is "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  In a criminal case, judgment becomes final after fourteen days from the date it was entered unless a timely appeal is filed.  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (where no appeal is filed, the clock for the statute of limitation under § 2255 begins to run once the time to file a direct appeal has expired); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal due within fourteen days of the entry of judgment).

B.  Timeliness of the Motion

Here, judgment against movant was entered on January 2, 2024.  ECF No. 1780.  Absent

the filing of a timely appeal, judgment therefore became final January 16, 2024, and the statute of limitations expired January 16, 2025. In this case, movant did not file a notice of appeal and his § 2255 motion was not filed until March 10, 2026, over one year after the statute of limitations expired. Movant argues that his motion is timely because of his prior § 2255 motion. ECF No. 2857 at 11. However, movant does not identify—and the court is unaware of—any authority for tolling of the statute of limitations during the pendency of a previous § 2255 motion.

Moreover, the instant motion would be untimely even if the prior § 2255 motion had effect. Movant did not file his first § 2255 motion until July 2, 2024, 168 days after judgment became final. He then withdrew the motion on May 21, 2025, and the instant motion was filed 293 days later on March 10, 2026. Accordingly, not counting the time movant's first § 2255 motion was pending, 461 days passed between the entry of judgment and the filing of the instant motion. The motion is therefore untimely unless movant is entitled to an alternate trigger date or equitable tolling.

### C. Alternate Trigger Date

In addition to the date from which the judgment became final, § 2255 provides three alternate dates from which the statute of limitations may begin to run: (1) the date on which a government created impediment to filing the motion is removed; (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" and (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4). The petition does not identify any potential basis for an alternate trigger date, and none is apparent. If movant believes the statute of limitations began to run on a different date, he should identify that date and explain why he believes the one-year period runs from that date.

### D. Equitable Tolling

To be entitled to equitable tolling, a movant must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v.

3

DiGuglielmo, 544 U.S. 408, 418 (2005)); see also United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) ("The statute of limitations contained in § 2255 is subject to equitable tolling."). "Equitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" United States v. Gilbert, 807 F.3d 1197, 1202 (9th Cir. 2015) (alteration in original) (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). Movant bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418. If movant believes that he is entitled to equitable tolling, he should provide information showing that he is so entitled. This includes information regarding any extraordinary circumstances that he believes entitle him to tolling, the dates that those circumstances existed, and what steps he took to pursue the petition during that time.

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][2] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

---

[2]  In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

4

IV.     Conclusion

For the reasons set forth above, the § 2255 motion appears to be untimely and movant shall be required to show cause why the motion should not be dismissed as untimely.

V.     Plain Language Summary of this Order for a Pro Se Litigant

You will have thirty days to explain to the court why your motion is not late.  If you believe the statute of limitations started running on a different date than the one identified by the court, you must state what date you believe it began and why you believe that is the correct date.  If you believe that you are entitled to equitable tolling, you will need to show that you were diligent in pursuing your claims and that you were faced with extraordinary circumstances that made it impossible for you to file your motion within the one-year time period.  If you are trying to claim tolling based on your actual innocence, you must provide new evidence in support of that claim.  If you cannot show the court that the motion is timely, it will be recommended that the case be dismissed.

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, movant must show cause why the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as untimely.  Failure to comply with this order will result in a recommendation that the motion be dismissed.

DATED: April 7, 2026

_allison Clare_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE